# McMahon v. McMahon.

### Bill for Divorce.

(Decided Dec. 22, 1910. 54 South. 165.)

1. *Divorce; Grounds; Habitual Drunkenness.*—Section 3793, Code 1907, has no application to cases where the habit of drunkenness is overcome before the filing of the bill; it applies only to cases where the habit is continued up to the time of the bill.

2. *Same; Pleading; Sufficiency.*—A bill alleging that the respondent has become addicted to habitual drunkenness sufficiently alleges that he is addicted to the habit when the bill is filed, and the particular acts need not be set forth.

3. *Same; Cruelty; Pleading.*—A bill for divorce based upon cruelty under section 3795, Code 1907, should allege the nature of the cruelty.

4. *Equity; Pleading; Demurrer.*—Where a bill contains any equity a demurrer to it as a whole is properly overruled.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

A bill for divorce by Grace St. John McMahon against William Otis McMahon. From a decree for complainant respondent appeals. Affirmed.

B. B. BOONE, for appellant. The allegations as to habitual drunkenness and as to cruelty were too general, and were mere conclusions, and this rendered the bill subject to the demurrer interposed.—14 Cyc. 700; *Batchelder v. Batchelder,* 14 N. H. 380. A pleader is under no duty to deny mere legal conclusion. In fact, it is not proper to do so.—*Sloss-S. S. & I. Co. v. Smith,* 52 So. 42; *Walton v. Walton,* 34 Kan. 195. The bill failed to show that the respondent was an habitual drunkard.—*Murphy v. The People,* 90 Ill. 59; *McB. v. McB.,* 29 A. S. R. 616. The bill should have stated in what the cruelty complained of consisted.—*Hill v. Hill,* 10 Ala. 527; *Hughes v. Hughes,* 19 Ala. 311; *Reese v.*

*Reese,* 23 Ala. 785. The proof was not sufficient to warrant the decree.—*May v. May,* 39 So. 679.

GAILLARD & MAHORNER, for appellee. The demurrer is aimed at the whole bill, and as the bill contained equity, the demurrer was properly overruled.— *Beale v. Lehman-D. Co.,* 110 Ala. 446; *George v. Cent. Ry. Co.,* 101 Ala. 607; *Baker v. Graves,* 101 Ala. 247. An allegation in the language of the statute is sufficient without setting forth the acts constituting the habit.—1 Tenn. Ch. 259; 38 Ark. 234; 13 Fla. 369; 80 Cal. 528; 96 Id. 4; 7 Enc. P. & P. Habitual drunkenness is in the nature of a collective fact.—*Woodstock Co. v. Roberts,* 87 Ala. 436; *Daffron v. Crump,* 69 Ala. 77. As to what constitutes habitual drunkenness see *McClannahan v. McClannahan,* 104 Tenn. 217; *Trig v. The State,* 49 Tex. 645.

ANDERSON, J.—Paragraph 6 of section 3793, which said section enumerates certain grounds for divorce, says: "For becoming addicted after marriage to habitual drunkenness." This section does not, of course, mean that if a party becomes addicted to the habit after marriage, but overcomes same for a reasonable period before any steps were taken for a divorce, and no steps were taken to get a divorce until after the habit had been overcome, the once existence of the habit, which did not continue to exist at or near the time of filing of the bill, would be a ground for divorce. Here the parties were married 23 years before the bill was filed, and the respondent may have become addicted to the habit shortly after the marriage, yet may have overcome it for years before the bill was filed, and the statute was not intended to apply to such a case. The habit must be fixed, and must continue until the suit is brought.—*Gourlay v. Gourlay,* 16 R. I. 705, 19 Atl.

142; 9 Am. & Eng. Encyc. of Law, 814, and cases cited in notes 8 and 9.

The bill, however, avers that subsequent to said marriage the said respondent "has become addicted to habitual drunkenness." This is the equivalent of averring that he still is or was addicted to the habit when the bill was filed.—*Dolan v. State*, 122 Ind. 141, 23 N. E. 761. Nor did the complainant have to set out the details, or specify the acts of drunkenness, and the demurrers testing this theory of the bill were properly overruled.

When a divorce is sought for cruelty, as provided by section 3795 of the Code of 1907, while great particularity of averment is not required as to the dates or detail, yet good pleading would require more than was averred in the present bill as to the respondent's conduct. It should, at least, give the nature and character of the cruelty.—*Smedley v. Smedley*, 30 Ala. 714; *Reese v. Reese*, 23 Ala. 785. We cannot, however, put the chancery court in error for overruling the respondent's demurrers, as they go to the whole bill, which contains equity independent of the charge of cruelty. "A demurrer to a bill as a whole cannot be sustained, if for any equity appearing in it the complainants are entitled to relief."—*Beall v. Lehman Durr & Co.*, 110 Ala. 446, 18 South. 230, and cases there cited.

The decree of the chancery court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.