# Jones *v.* Jones.

## *Divorce.*

(Decided June 30, 1914. 66 South. 4.)

1. *Divorce; Cruelty; Evidence.*—The fact that in the course of a difficulty between husband and wife, the husband pushed the wife away so that she fell against the side of an iron bed and bruised her limbs, would not of itself justify a divorce on the ground of cruelty.

2. *Same; Defenses.*—Where the evidence showed complainant's aim in the institution and maintenance of her bill for divorce was mercenary rather than moral and self-protective, and that she herself had been guilty of abuse of her husband, and of provoking misconduct as a wife, she was not entitled to relief.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Bill by Mary Jones against J. W. Jones for absolute divorce on the grounds of cruelty. From a decree for complainant and dismissing respondent's cross-bill,

[Jones v. Jones.]

respondent appeals. Affirmed in part, and reversed and rendered in part.

The respondent denied the cruelty and filed a plea alleging the invalidity of his marriage with complainant because of the existence of a living husband of a former marriage, and by cross-bill prayed for a decree annulling his alleged marriage with complainant.

KIDD & DARDEN, for appellant.

RIDDLE & ELLIS, for appellee.

SOMERVILLE, J.—There are three main issues of fact as to all of which the chancellor found adversely to the appellant: (1) Did the complainant, Mrs. Jones, have a legal living husband by a former marriage at the time she married the respondent, thus invalidating the marriage here sought to be dissolved? (2) If not, has the respondent been guilty of the marital cruelty charged by the complainant? (3) If so, was there such bad conduct and bad faith on the part of the complainant herself as to outlaw her complaint in a court of equity and conscience?

Without the aid of any presumption of law from the long absence of complainant's alleged former husband, and without reference to the hearsay evidence of W. M. Ridgeway, we are reasonably convinced that E. Bennett Ridgeway and Edward Ridgeway were one and the same person; that he had a living wife when he married complainant in 1887; and that he died before complainant married respondent in 1906. These conclusions are founded largely on hearsay evidence, but this evidence was offered by respondent himself through his witnesses Mary Jones, James Cooley, and H. H. O'Shields. Other testimony as to the conduct and move-

ments of Ridgeway also confirms the finding of the chancellor on this issue, with which we fully concur.

On the issue of respondent's alleged cruelty, the evidence, which is conflicting and for the most part biased, is not convincing and affords no satisfactory conclusion. On her own showing her matrimonial record is not creditable; and according to the great weight of the evidence her social disposition is extremely bad and her attitude towards her husband before their separation was contemptuous and hostile. Furthermore her credibility is badly shaken by the contradictory testimony of several distinterested witnesses as to her marriage and continued relations with Ridgeway.

The fact that in the course of her final row with respondent he pushed her away so that she fell against the side of the iron bed and bruised her legs does not of itself show such cruelty as to authorize a divorce. And as to the alleged choking of complainant on that occasion, we are not at all persuaded that it ever happened. In view of the general character, temper, and conduct of the parties, as indicated by the weight of the evidence, complainant's uncorroborated testimony as to acts of violence by respondent cannot be accepted as convincing.

Finally, the weight of the evidence leads us strongly to the conclusion that complainant's aims in the initiation and maintenance of this suit are mercenary rather than moral and self-protective; and further that she herself has been guilty of such abuse of respondent, and of such provoking misconduct as a wife, as to foreclose her right to relief.—*David v. David*, 27 Ala. 228; *May v. May*, 39 South. 679; 14 Cyc. 631, 2.

It results from the foregoing conclusions that the final decree of the chancellor will be affirmed as to the overruling of respondent's plea and the dismissal of his

cross-bill; and that it will be reversed as to the granting of final relief to complainant on the original bill. The interlocutory decree of October 10, 1910, as modified by final decree, is not hereby affected.

Let a decree be here entered denying relief to complainant and dismissing her bill of complaint.

The costs here and in the court below will be taxed in equal part against appellant and appellee.

Affirmed in part, and reversed and rendered in part.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.