(87 South. 852)

**TUTWILER v. TUTWILER.** (6 Div. 179.)

(Supreme Court of Alabama. Feb. 3, 1921.)

1. **Husband and wife** ⚖️285½—**Equity courts may award alimony independent of divorce.**

Courts of equity exercise original jurisdiction to award alimony independently of a bill for divorce.

2. **Husband and wife** ⚖️295—**Complainant in separate maintenance suit may ask reasonable compensation for her solicitor.**

In a wife's proceeding for alimony, but not divorce, it is proper to claim reasonable compensation for complainant's solicitor.

3. **Husband and wife** ⚖️296 — **Allegation of cruelty held sufficient as excuse for complainant's leaving respondent's home in action for alimony, but not divorce.**

Bill for alimony and custody of children, but not for divorce, *held* sufficient to show that the separation of the parties was due to the defendant husband's fault, that he was guilty of cruelty, although, were complainant seeking a divorce, the charge would be insufficient for failure to state the facts, the averment here being an additional excuse for complainant's leaving respondent's home, the bill resting upon an averment of nonsupport.

4. **Husband and wife** ⚖️296—**Bill for alimony averring sufficient facts on which the suit is founded to give respondent due notice is sufficient.**

In a wife's suit against her husband for alimony and custody of children, in which the public occupies a position of third party, questions of mere legal niceties in pleading should not interfere with meritorious consideration, and where the bill contains sufficient averments of facts on which the suit is founded to give due notice to the defendant of what he is called upon to defend, it must be held to meet all requirements.

5. **Husband and wife** ⚖️283(2) — **In suit for custody of children and alimony only, the wife is not required to justify separation by proof sufficient for divorce.**

In a suit for custody of children and alimony only, the wife is not required to justify the separation by proof which would entitle her to divorce.

6. **Husband and wife** ⚖️299½—**Wife's bill for alimony independent of divorce not multifarious because seeking custody of children.**

A wife's bill for alimony independent of divorce is not subject to objection for multifariousness because it also seeks the custody of their children, since such objection is greatly a matter of discretion, which is never exercised to do violence to the maxim that courts of equity "delight to do justice, and not by halves."

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Bill by Willie Tutwiler against E. W. Tutwiler for alimony and the custody of a child, but not for divorce. From a decree overruling demurrers to the bill, defendant appeals. Affirmed.

Bill by the wife against the husband seeking alimony independent of divorce and also to be awarded the custody of the children. After averring the ages of the parties and their marriage and separation in Jefferson county, the bill alleges that "the complainant was compelled to and did leave the defendant because of his cruelty to her, and because said defendant would not support the complainant and their chidren." The bill shows that she went to the home of her father, with her three children, and he has taken care of them since the separation, and that since said separation the defendant has not contributed anything to the support of complainant and their children, and now refuses to contribute anything for their support, and that she has not sufficient means for that purpose. Then follow allegations as to the respondent's means, and also that respondent is an unfit person to have control of the children, and that they should be decreed to complainant.

The bill was demurred to upon numerous grounds: That it was multifarious, seeks inconsistent relief, and does not state sufficient facts. Specific demurrers were directed to that part of the bill seeking compensation for complainant's solicitor for the prosecution of the suit, and also to that part of the bill seeking the custody of the children. The demurrer was overruled, and from this decree the respondent prosecutes this appeal.

Ellis & Matthews, of Birmingham, for appellant.

The bill was not sufficient in its allegation of cruelty. 10 Ala. 527; 19 Ala. 307; 23 Ala. 785; 30 Ala. 714; 54 Ala. 165; 62 Mich. 322, 28 N. W. 812; 17 Cent. Dig. 572. In a bill of this character it must be alleged that there was a separation, and that it rightfully and properly existed without fault on the part of the wife and by reason of the wrongful conduct of the husband. 36 Iowa, 210; 70 Iowa, 614, 31 N. W. 956; (N. J.) 27 Atl. 78; 152 Ill. 577, 38 N. E. 794; 73 N. J. Eq. 745, 70 Atl. 323; (Ind. App.) 98 N. E. 900. The bill was multifarious. 8 Ala. 694; 94 Ala. 125, 10 South. 328; 117 Ala. 612, 23 South. 651; 113 La. 429, 37 South. 17; 168 Ala. 426, 53 South. 268.

Fred Fite, of Birmingham, and A. F. Fite, of Jasper, for appellee.

The bill was not multifarious. Sections 3808 and 4503, Code 1907; 55 Ala. 430. Failing to perform his legal and moral duty to his children, the father forfeits his right to their custody. 92 Ala. 78, 9 South. 728.

GARDNER, J. [1] Courts of equity exercise in this state original jurisdiction to award alimony independently of a bill for divorce. Spafford v. Spafford, 199 Ala. 300,

74 South. 354, L. R. A. 1917D, 773; Johnson v. Johnson, 190 Ala. 527, 67 South. 400.

[2] Reasonable compensation for complainant's solicitor was properly claimed. Johnson v. Johnson, 195 Ala. 641, 71 South. 415.

[3] We are of the opinion the bill sufficiently shows the separation of the parties was due to the fault of the husband, in that it is averred that complainant was compelled to and did leave respondent on account of his failure to support her and their children, and on account of his cruelty to her. Were complainant seeking divorce on the ground of cruelty, the charge would be insufficient for failure to state the facts (Hill v. Hill, 10 Ala. 527) and as being a mere conclusion of the pleader; but here this averment is merely thrown in by way of additional excuse for complainant in leaving the respondent's home, as the sufficiency of the bill rests upon the averment of nonsupport.

[4] As said by this court in the Spafford Case, supra:

"Suits of this nature are regarded as of a tripartite character, wherein the public occupies in effect the position of a third party, and the court is bound to act for the public in such cases, though of course the rights of the parties themselves must be fully respected. * * * We apprehend, therefore, that in cases of this character questions of mere legal niceties in regard to pleading should not interfere with the meritorious consideration of the cause. The bill should of course contain sufficient averment of facts on which the suit is founded to give due notice to respondent of what he is called upon to defend."

We are persuaded that the bill in the instant case meets these requirements.

[5] Counsel for appellant cite authorities from other states to the effect that in suits of this nature the wife must justify the separation by proof which would entitle her to a divorce. Whatever may be the holding in other jurisdictions, the question was conclusively settled, contrary to this contention, by this court in the Spafford Case, supra, where it was said:

"It is therefore not absolutely essential for the support of a bill of this character that facts be alleged sufficient to warrant a divorce."

[6] The remaining question relates to the assignment of error attacking the bill for multifariousness, in that the wife seeks alimony independent of divorce, and also the custody of the children. There exists no universal rule in regard to multifariousness as to cover all possible cases. The objection is greatly a matter of discretion, which is never to be exercised so as to do plain violence to the maxim that courts of equity "delight to do justice, and not by halves." O'Neal v. Cooper, 191 Ala. 182, 67 South. 689.

We think the bill in the instant case is not subject to this objection, and that to hold otherwise would, indeed, do plain violence to the foregoing maxim.

It results that the decree appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.