## RATCLIFF v. RATCLIFF. (8 Div. 501.)

(Supreme Court of Alabama. May 3, 1923.)

**1. Divorce ⬤⟿179—On failure to render decree on motion to strike and demurrer to cross-bill, no question as to sufficiency of cross-bill is presented for review on appeal.**

In a suit for divorce, where no decree was rendered on a motion to strike and a demurrer to a cross-bill, no question as to the sufficiency of the cross-bill was presented on appeal.

**2. Divorce ⬤⟿11—Court is bound to act for the public.**

In a divorce suit, the public occupies in effect the position of a third party, and the court is bound to act for the public, and questions of mere legal niceties in pleading should not interfere with the meritorious consideration of the cause.

**3. Divorce ⬤⟿184(12) — Overruling demurrer to bill not prejudicial error.**

In a suit by a wife for divorce, where the averments of the bill were substantially in the language of Code 1907, § 3795, providing for a divorce to a wife because of cruelty of her husband, and gave notice to respondent of the ground on which relief was asked, and the oral testimony of complainant and her witnesses, who were fully cross-examined by respondent, was had several months prior to that of respondent, overruling a demurrer to the bill was not injurious to respondent.

Sayre, J., dissenting.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill of Josie Ratcliff against T. R. Ratcliff. Decree for complainant, and respondent appeals. Affirmed.

H. G. Bailey, of Boaz, for appellant.

A bill for divorce, based on cruelty, should allege the nature of the cruelty complained of. Code 1907, § 3795; McMahon v. McMahon, 170 Ala. 338, 54 South. 165; Reese v. Reese, 23 Ala. 785; Smedley v. Smedley, 30 Ala. 714. It is incumbent upon the wife to show actual violence upon her person, attended with danger to life or health. Morrison v. Morrison, 165 Ala. 191, 51 South. 743; Wood v. Wood, 80 Ala. 254; Folmar v. Folmar, 69 Ala. 84.

Street & Bradford, of Guntersville, for appellee.

Allegations of cruelty in the language of the statute are sufficient. Code 1907, § 3795; Acts 1915, p. 370.

GARDNER, J. Suit by the wife against the husband, seeking divorce on the ground of cruelty, and as incidental thereto alimony, the custody of the minor children, and the cancellation of a certain contract in writing, previously entered into between the parties, concerning the amount agreed to be paid by the husband to the wife upon a former separation.

The respondent answered the bill, denying the allegation of cruelty, and alleged that complainant to the original bill had voluntarily abandoned him, and that she was not the proper person to have the care and custody of the minor children. It was also averred in the answer that the written agreement sought to be canceled in the original bill was executed by respondent under circumstances of duress, and it was prayed that the answer be considered as a cross-bill, and that cross-complainant be granted a divorce on the ground of voluntary abandonment, the custody of the minor children, and the cancellation of the written contract referred to in the original bill. Complainant filed a motion to strike the cross-bill, demurred thereto, and also answered the same.

Much testimony was taken by the respective parties in support of the issues of fact presented by the pleading, and upon submission of the cause for final decree upon pleadings and proof, the chancellor was of the opinion that complainant to the original bill was entitled to the relief she sought. She was therefore by a decree granted a divorce, the custody of the minor children, and a cancellation of the written contract, and a reference was ordered to ascertain a proper sum to be paid her as alimony. From this decree, respondent has prosecuted this appeal.

The evidence presented by this record has been most carefully examined. A discussion of it would serve no useful purpose, for, as said by this court in Pruitt v. Pruitt, 205 Ala. 484, 88 South. 451, it would merely place in bold outline and in recorded form the details of this domestic unhappiness. Suffice it to say we find ourselves in accord with the conclusions of the chancellor, to the effect that complainant by her proof has sufficiently met the burden of proof resting upon her, and we are therefore of the opinion the court below correctly so decreed.

[1] Upon the question of the motion to strike and demurrer to the cross-bill the chancellor rendered no decree, and therefore as to the sufficiency of the cross-bill no question is presented for review. The answer was filed to the cross-bill, together with the demurrer, and the cause was therefore prop-

---

erly at issue; and this court, upon review of this appeal, has given the cross-bill full consideration. There was demurrer filed by respondent to the original bill, which was overruled.

[2, 3] The charge of cruelty set forth in the bill followed substantially the language of section 3795 of the Code. As previously pointed out by this court, suits of this nature are regarded as of tripartite character, wherein the public occupies in effect the position of a third party, and the court is bound to act for the public in such cases, though, of course, the rights of the parties themselves must be fully respected. It has been held, therefore, that in cases of this character questions of mere legal niceties in regard to pleading should not interfere with the meritorious consideration of the cause. Spafford v. Spafford, 199 Ala. 300, 74 South. 354, L. R. A. 1917D, 773.

Should it be conceded that the bill does not fully meet the requirements of good pleading (McMahon v. McMahon, 170 Ala. 338, 54 South. 165; Smedley v. Smedley, 30 Ala. 714, though particularity as to dates or details is not required in suits of this nature), yet we are not persuaded a reversal should result. The averments of the bill were substantially in the language of the statute, and gave notice to respondent of the ground upon which complainant rested for relief. The oral testimony of complainant and her witnesses, who were fully cross-examined by respondent, was had several months prior to that of respondent, and respondent therefore had full and complete information as to every fact upon which complainant relied, and could have suffered no possible injury by the ruling on demurrer.

There appearing in the record no error calling for a reversal of the cause, the decree appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and MILLER, JJ., concur.

SAYRE, J., dissents.

THOMAS, J., not sitting.