(115 So. 229)

### APPERSON v. APPERSON. (6 Div. 847.)

Supreme Court of Alabama. Jan. 12, 1928.

1. **Divorce** ⚬109—Burden is on wife, suing for divorce, reasonably to satisfy court of truth of charge of cruelty.

In wife's suit for divorce on ground of cruelty, burden is on complainant reasonably to satisfy court of truth of her charge of conduct amounting to culpable cruelty.

2. **Divorce** ⚬130—Wife's testimony, contradicted by husband's answer and testimony, corroborated by other witnesses, held insufficient to establish cruelty warranting divorce.

In wife's divorce suit, her testimony, without substantial support, and specifically contradicted by defendant's answer and testimony, materially corroborated by testimony of other witnesses, *held* insufficient to establish his guilt of cruelty charged.

⚬For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Divorce ⬤⟿286**—Wife's appeal from decree denying divorce and permanent alimony, without determining questions of allowances pendente lite, does not present them for review.

Wife's appeal from final decree denying her a divorce and permanent alimony, without determining questions of alimony and counsel fees pendente lite, allowed by register's report, which had been ordered to lie over for filing of objections and further consideration, does not bring up for review any action of trial court with respect to such allowances.

**4. Divorce ⬤⟿282**—Wife, invoking no rulings on pendente lite allowances before decree denying divorce and permanent alimony, will be left to pending mandamus proceeding to review court's refusal thereof.

Wife, invoking no rulings on questions of alimony and counsel fees pendente lite, granted by register's report, until some weeks after final decree denying her a divorce and permanent alimony, cannot raise such questions on appeal therefrom, but will be left to her pending proceeding by mandamus to review trial court's action in refusing to make allowances.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Elsie Caldwell Apperson against Benjamin C. Apperson. From a decree denying relief, complainant appeals. Affirmed.

Statement by SOMERVILLE, J.:

Complainant seeks an absolute divorce from the respondent on the ground of actual violence to her person, both inflicted and threatened, attended with danger to her life or health. The cruel conduct charged is "cursing, abusing, and striking her and threatening to kill her." The parties were married in June, 1924, and complainant left respondent in March, 1926.

The bill prays for permanent alimony, and also for temporary alimony and solicitor's fees pendente lite.

The answer denies in toto the allegations of cruelty and mistreatment, and ascribes the estrangement and separation of the parties to complainant's association with a Christian Science healer, under whose dominating influence she fell, and under whose counsel she acted.

The bill was filed on March 20, 1926. On June 14, 1926, complainant filed her motion, alleging that she was without means to support herself and prosecute her suit, and asking for a reference to the register to ascertain what would be a proper allowance to her in that behalf; and on June 19, 1926, the court made an appropriate order for such a reference.

On testimony taken, the register reported (November 8, 1926) that respondent's estate consisted of a vacant lot and an automobile valued at $1,500 to $2,500; that complainant

was earning $20 a week; that $60 a month was a reasonable sum for temporary alimony, and $150 a reasonable sum for counsel fees pendente lite. No exceptions were taken to this report by either party.

On November 10, 1926, the cause was submitted on pleadings and evidence for final decree, and on the same day a decree was rendered denying any relief to complainant, and dismissing her bill of complaint.

On December 4, 1926, complainant moved for a decree confirming the register's report filed November 8, 1926; and on December 8, 1926, said motion was heard and overruled.

On December 9, 1926, complainant appealed from said final decree.

Aird & Aird and Fort, Burton & Jones, all of Birmingham, for appellant.

The testimony in this case, taken orally before the trial court, will be considered on appeal, without presumption in favor of the ruling of the trial court. McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602. The wife is entitled to divorce when the husband has committed actual violence on her person, attended with danger to life or health, or when his conduct is such that there is reasonable apprehension of such violence. Code 1923, § 7409; Turner v. Turner, 44 Ala. 437; Goodrich v. Goodrich, 44 Ala. 670; Wood v. Wood, 80 Ala. 254; Farmer v. Farmer, 86 Ala. 322, 5 So. 434; Smedley v. Smedley, 30 Ala. 714. As to conduct amounting to cruelty, see 19 C. J. 55; 17 Cent. Dig. §§ 73–83 (jj); McAllister v. McAllister, 28 Wash. 613, 69 P. 119; Walsh v. Walsh, 61 Mich. 554, 28 N. W. 718; Maget v. Maget, 85 Mo. App. 6; Ridley v. Ridley (Iowa) 100 N. W. 1122; Carr v. Carr, 171 Ala. 600, 55 So. 96; Smedley v. Smedley, supra; Bishop, Mar. & Div. §§ 454, 501; De Cloedt v. De Cloedt, 24 Idaho, 277, 133 P. 664; Haymond v. Haymond, 74 Tex. 414, 12 S. W. 90. The wife is entitled to alimony pendente lite as a matter of right. Code 1923, § 7417; Ex parte Eubank, 206 Ala. 8, 89 So. 656; Ex parte Cairns, 209 Ala. 358, 96 So. 246; Coleman v. Coleman, 198 Ala. 225, 73 So. 473; Bell v. Bell, 214 Ala. 573, 108 So. 378, 45 A. L. R. 935; Rast v. Rast, 113 Ala. 319, 21 So. 34; Ex parte King, 27 Ala. 387; Ex parte Jones, 172 Ala. 186, 55 So. 491; Jeter v. Jeter, 36 Ala. 391; Lawrence v. Lawrence, 141 Ala. 356, 37 So. 379; Webb v. Webb, 140 Ala. 262, 37 So. 96, 103 Am. St. Rep. 30; Brindley v. Brindley, 121 Ala. 429, 25 So. 751; Richardson v. Richardson, 4 Port. 467, 30 Am. Dec. 538.

London, Yancey & Brower and Frank Bainbridge, all of Birmingham, for appellee.

When the answer denies and places in issue the averments of a bill for divorce, the burden of proving such averments rests on complainant. Moor v. Moor, 211 Ala. 56, 99 So. 316; White v. White, 207 Ala. 533, 93 So. 457;

Howell v. Howell, 211 Ala. 415, 100 So. 635. Complainant, failing to prove cruelty as averred, was not entitled to divorce. Jones v. Jones, 189 Ala. 286, 66 So. 4; Morrison v. Morrison, 165 Ala. 191, 51 So. 743; May v. May (Ala. Sup.) 39 So. 679; Anonymous, 206 Ala. 295, 89 So. 462. Allowance of attorney's fee to wife depends on the good faith of the proceedings and the probability of success. Coleman v. Coleman, 198 Ala. 225, 73 So. 473; Ortman v. Ortman, 203 Ala. 167, 82 So. 417; Brindley v. Brindley, 121 Ala. 429, 25 So. 751.

SOMERVILLE, J.   [1] The main issue presented by this appeal is one of fact, to be determined by the weight of the evidence. The testimony of complainant, if uncontradicted, or if believed, would justify a decree of divorce against respondent on the ground of cruelty, as prayed.

Her testimony is, however, without any substantial support, and is specifically contradicted by the answer and testimony of respondent, which finds some very material corroboration in the testimony of several other witnesses. The burden of proof in these cases is, as usual, upon the complaining party; and here complainant's burden is to reasonably satisfy the court of the truth of her charge of conduct on the part of respondent amounting to culpable cruelty. Jones v. Jones, 189 Ala. 286, 66 So. 4; White v. White, 207 Ala. 533, 93 So. 457.

[2] Without here dissecting and weighing the evidence in detail, we are content to simply say that it has been thus considered, and that we are not reasonably satisfied, in view of the countervailing evidence, that respondent has been guilty of the misconduct charged.

[3] With respect to complainant's right to alimony and counsel fees pendente lite, we have dealt with that question in the related case of Ex parte Apperson (Ala. Sup.) 115 So. 226.[1] The final decree in this cause was merely that complainant was not entitled to the relief prayed; that is, to divorce and permanent alimony. There was no determination of the question of alimony and counsel fees pendente lite—a fact which complainant's motion for a decree on the register's report, filed 24 days after rendition of the final decree, implicitly recognized. In fact, the register's report had been ordered to lie over until November 13th for filing objections thereto, and for further consideration. This appeal, therefore, does not bring before us for review any action of the trial court with respect to such allowances. Had the final decree, the parties consenting, undertaken to determine those matters, doubtless the rulings thereon would have been reviewable, as held in Jeter v. Jeter, 36 Ala. 391, 406.

[4] Counsel for appellant—complainant below—invoked no rulings on those matters until some weeks after the final decree was rendered, and she will be left to her pending proceeding by mandamus to review the action of the trial court in refusing to make the allowances in question.

It results that the final decree appealed from must be, and is, affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.