(131 So. 441)

**HILLHOUSE v. HILLHOUSE.**

**6 Div. 655.**

Supreme Court of Alabama.
Dec. 11, 1930.

See, also, 221 Ala. 678, 130 So. 206.

R. D. Coffman and Walter S. Smith, both of Birmingham, for appellant.

W. H. McGowen and G. R. Hubbard, both of Birmingham, for appellee.

ANDERSON, C. J.

When a divorce is sought by the wife against her husband under section 7409 of the Code of 1923, the bill of complaint need not go into the details with particularity, but it should, at least, give the nature and character of the acts or conduct relied upon to establish the charge. McMahon v. McMahon, 170 Ala. 338, 54 So. 165, and cases there cited. Tutwiler v. Tutwiler, 205 Ala. 283, 87 So. 852. The trial court erred in not sustaining the respondent's demurrer to paragraph 4 of the bill of complaint.

The case of Ratcliff v. Ratcliff, 209 Ala. 377, 96 So. 422, is not opposed to this ruling. It recognized the necessity for such an averment, but applied the doctrine of error without injury, as the bill was answered and all the facts and circumstances were gone into at the trial. The court did not hold that the case would not be reversed had the appeal been upon the ruling on demurrer before answer and proof taken, as was done in this case.

Paragraph 3, charging adultery, seems to have been sufficient. Farley v. Farley, 94 Ala. 501, 10 So. 646, 33 Am. St. Rep. 141, Holston v. Holston, 23 Ala. 777.

For the error above designated, the decree of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

All the Justices concur.