153 So. 203

## JONES v. JONES.
### 8 Div. 550.

Supreme Court of Alabama.
March 1, 1934.

---

[1] 227 Ala. 510.

Bradshaw & Barnett, of Florence, for appellant.

A. A. Williams, of Florence, for appellee.

Brief did not reach the Reporter.

KNIGHT, Justice.

■ Bill in equity by Roxie Jones against her husband, Arnold Jones, for alimony in the nature of support money, but not for a divorce. Such cases have often come before this court, and we have uniformly held that, in view of the fact that the public in effect occupies the position of a third party in suits for separate maintenance, "mere legal niceties in regard to pleading should not interfere with the meritorious consideration of the cause." Tutwiler v. Tutwiler, 205 Ala. 283, 87 So. 852, 853; Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L. R. A. 1917D, 773; 30 C. J. p. 1086, § 891.

■■ In her bill, complainant alleges that she and the respondent intermarried in Lauderdale county, Ala., on August 26, 1929; that on or about September 26th, same year, her husband abandoned her in a distant state, and left her among strangers and an object of charity; that thereafter the complainant and respondent returned to Alabama, where they both have since resided, but that her husband, the said Arnold Jones, "has continued his abandonment without just cause, and refuses to support or to contribute anything to the support of complainant."

One ground of respondent's demurrer takes the point that the bill fails to allege that the abandonment by the husband was without fault of the wife. It may be conceded that the bill could have been more illuminating on the question of the original abandonment, which occurred in a "distant state," yet it does aver that both spouses, after the abandonment, returned to Alabama, and that since their return the respondent has continued his abandonment of the complainant without just cause, and refuses to contribute in any way to her support.

No matter whether the original abandonment, so far as disclosed by the bill to the contrary, was justified by the conduct of the wife, it sufficiently appears that his continued abandonment was, and is, without just cause. Reading and construing the entire paragraph together, we are of the opinion that the bill as one for maintenance, not for divorce, is sufficient, and not subject to the stated ground of demurrer. Tutwiler v. Tutwiler, supra; Spafford v. Spafford, supra; Brindley v. Brindley, 121 Ala. 429, 25 So. 751. The courts will not permit the husband to escape from, or disregard, a clear duty owing alike to the wife, as well as to society, when the cause, which might have, in the first instance, absolved him from such duty, no longer exists. The stern morality of law forbids such conduct. Whenever the cause which justified the abandonment ceases to exist, it is the duty of the withdrawing spouse to resume his duties to the other. To hold otherwise would contravene the law of morality and society.

■■ However, the bill nowhere avers that the respondent is possessed of any property, or has any income. True, it is averred that "he is able to work, and does work, and that he is amply able to support complainant." In cases like the one now before us, we can only deal with the income of the husband. Bailes v. Bailes, 216 Ala. 569, 114 So. 185;

Murray v. Murray, 84 Ala. 363, 4 So. 239; Brady v. Brady, 144 Ala. 414, 39 So. 237; Clisby v. Clisby, 160 Ala. 572, 49 So. 445, 135 Am. St. Rep. 110; Rearden v. Rearden, 210 Ala. 129, 97 So. 138; Waldrop v. Waldrop, 222 Ala. 625, 134 So. 1.

The averments of the bill, with respect to showing that the respondent has an income, upon which any decree that might be entered in the cause could operate, are not sufficient.

In our recent case of Drew v. Drew, 226 Ala. 43, 145 So. 495, in consonance with our former holdings, we held that a bill which failed to show that the husband had any income would be subject to demurrer.

There must be an allegation of "faculties." It would be a vain and useless proceeding to decree maintenance money to the wife, if the husband had no income out of which to enforce payment of the decree. Lovett v. Lovett, 11 Ala. 763; Lawrence v. Lawrence, 141 Ala. 356, 37 So. 379; Drew v. Drew, supra.

In the particular that the bill fails to aver that the husband has an income upon which the decree could operate, the bill is defective, and was subject to the demurrer directed to this defect.

It follows that the chancellor erred in overruling respondent's demurrer to the bill, and for this error the decree appealed from must be, and is, reversed.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.