187 So. 453

### BAILEY v. BAILEY.

2 Div. 135.

Supreme Court of Alabama.

Jan. 26, 1939.

Rehearing Denied March 30, 1939.

Geo. Pegram, of Linden, for appellant.

Herbert & Herbert, of Demopolis, for appellee.

BROWN, Justice.

This appeal is from a final decree of the Circuit Court, sitting in equity, dissolving the bonds of matrimony existing between the complainant and the defendant, and divorcing the complainant from the defendant on the statutory ground, alleged in the bill, "that on, to-wit, before the filing of the bill in this case, in Faunsdale, Alabama, the respondent committed actual violence on her person, attended with danger to her life and health, or from the conduct of respondent there is reasonable apprehension of such violence." Code 1923, § 7409, as amended by Act 153, approved April 19, 1933, Acts 1933, Ex.Sess., p. 142.

The averments imposed on the complainant the burden of proof to reasonably satisfy the judicial mind of the truth of her charge. Apperson v. Apperson, 217 Ala. 157, 115 So. 229; Jones v. Jones, 189 Ala. 286, 66 So. 4.

The evidence is without dispute that the parties were married in 1919; that they separated for a short time in 1922, but resumed their marital relation and lived together continuously until 1932, when they separated and have not since lived together. The substance of the complainant's testimony is embodied in the following excerpt from the record:

"Q. Now, Mrs. Bailey, in 1932, about five years ago this summer, last summer, did you and Mr. Bailey separate? A. In 1922 and then again in 1932.

"Q. First in 1922, and then again in 1932? A. Yes, sir, ten years.

"Q. Ten years. Now, in 1932, did Mr. Bailey leave your home, the home you then owned, did he leave there? A. Yes; I asked him to leave.

"Q. Why did you ask him to leave?

"Mr. Pegram: I object to that. She can't tell about why.

"The Court: Go ahead.

"Q. Mrs. Bailey, I will ask you to state to Judge Elmore what passed between you and Mr. Bailey before you asked him to leave your home? Just tell the Judge what passed between you, what you did and what he did? A. Well, I know on one occasion—

"Q. I am talking about this occasion in 1932, What happened? What passed between you and Mr. Bailey to cause you to tell him to leave your house? A. Is that the time he was going to smother me with a pillow?

"Q. I don't know, it is for you to say. This shows that in 1932 here that was the last time you were living together? A. I don't want to mislead you.

"Q. I don't want you to either. Just state what happened in 1932 when you and Mr. Bailey finally separated? A. That was when I asked him to leave on account of him saying he was going to smother me with a pillow.

"Q. What else did he say after he said that? A. I got up and left the room.

"Q. When he said he was going to smother you with a pillow, what did he say then?

"The Court: Take your time, Miss Bessie, now, and answer the question which Mr. Herbert asks you; and remember you are here with friends. Just state what the facts are in this case. If you don't understand the question, tell me.

"Q. Go ahead and tell what happened that day in 1932 when you say he threatened to smother you, what did he say? A. He said he would put a pillow over my face and smother me.

"Q. What else? A. And then he would say I died with heart trouble.

"Q. Then what did you do when he said that? A. I got up and went in the next room and bolted the door.

"Q. And you stayed in there, did you? A. Yes.

"Q. Then you told him to get out? A. I told him I couldn't stand all that and to leave.

"Q. And he left, and you all have not been together since, have you? A. No."

This testimony falls far short of showing or tending to show actual violence inflicted on the complainant's person attended with danger to life, or health, or show conduct on the part of the defendant from which "reasonable apprehension" could be predicated. Jones v. Jones, supra.

The testimony of the witness Mrs. Barton related to what occurred in 1922, and her testimony in this respect is uncorroborated by the complainant.

On the other hand, the defendant implicitly denies that he ever at any time committed violence on the complainant, and ever made any threats of violence against her, and specifically denies the threat testified to by the complainant.

The numerous letters written by the complainant to the defendant and his letters to her support and corroborate his testimony.

We are therefore clear to the conclusion that complainant has failed to meet and carry the burden imposed on her by the allegations of her bill, and that she is not entitled to the relief prayed for.

The decree of the Circuit Court is therefore reversed and one here rendered dismissing the bill, without prejudice to the right of complainant to regain title to her property on equitable principles.

Reversed and rendered.

GARDNER, THOMAS, and KNIGHT, JJ., concur.

### On Rehearing

BROWN, Justice.

The appellee insists that the conclusion and opinion of the court in the instant case is in conflict with the holding in Harris v. Harris, 230 Ala. 508, 162 So. 102. In that case, to quote from the opinion, the bill alleged: "That about three years ago the said Henry J. Harris began to abuse and threaten oratrix with bodily harm, and made it so unpleasant for her that she ceased to live with him as a wife, though she continued to occupy his house until September 3, 1933, when she left the home of her said husband and has remained away from him from that time to the present; that during the month of March, 1932, the said Henry J. Harris pointed a gun at oratrix, and threatened to kill her; that on many occasions between March, 1932, and September 3, 1933, her said husband has abused her, threatened to do her bodily harm and at times to take her life; that from the conduct of the said Henry J. Harris during March, 1932, and on many occasions from that time up to September,

1933, when he threatened her with physical violence, and when he would utter threats to take her life, or to do violence to her person, oratrix has reasonable apprehension of loss of her life, or great and serious harm to her body from her said husband."

In passing on the sufficiency of these averments as against demurrer, it was said: "It is not necessary to authorize the granting of a divorce to the wife on the ground of 'cruelty' that she allege and prove that the husband has committed actual violence on her person attended with danger to life or health. Averments which show a course of conduct on the part of the husband creating reasonable apprehension of such conduct, and from such conduct the complainant has 'reasonable apprehension' that he will commit such violence on her person attended with danger to her life or health, are sufficient."

It is well settled that when the facts pleaded reasonably suggest the existence of a fact essential to the statement of a cause of action or ground of defense, the pleader may support the pleading by stating the fact in the form of a conclusion rendering the entire statement certain to a common intent, therefore sufficient on demurrer. Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann.Cas.1916A, 543; Mobile Light & R. Co. v. Forcheimer, 221 Ala. 139, 127 So. 825.

The course of conduct established by the evidence in the Harris case, as appears from an examination of the original record, culminated in an actual hostile assault by the defendant on the complainant with a field hoe handle, supporting the averment that "oratrix has reasonable apprehension of loss of her life, or great and serious harm to her body from her said husband."

In the instant case, considering the testimony in its light most favorable to the complainant, the most that it shows is an isolated single threat, to quote the complainant's language: "He would put a pillow over my face and smother me," "and then he would say I died with heart trouble." This testimony is met, not only by the implicit denial of the defendant, but by the documentary evidence, the written correspondence between the complainant and defendant carried on through the five years after the separation, showing mutual feeling of solicitude and affection between the parties. Also, by the undisputed evidence of the defendant fully corroborated by at least two witnesses, that at the time of the alleged threat, said by complainant to be the immediate cause of the separation, he was in such physical condition from illness that, if he made such threat it was meaningless.

These facts clearly differentiate Harris v. Harris, supra, from the case at bar.

Application for rehearing overruled.

GARDNER, THOMAS, and KNIGHT, JJ., concur.