30 So.2d 664

**HOLT v. HOLT.**

8 Div. 365.

Supreme Court of Alabama.
May 22, 1947.

Julian Harris and Norman W. Harris, both of Decatur, for appellant.

S. A. Lynne, of Decatur, and Grady J. Long, of Hartselle, for appellee.

LIVINGSTON, Justice.

The appeal is from a decree of the Morgan County Court of Morgan County, Alabama, in Equity, overruling demurrers to a bill of complaint.

Both parties treat the bill as one with a double aspect. In one aspect, a bill for divorce, and, in the other aspect, a bill for partition of real estate as an independent equity. We will so consider it. Demurrers were directed to the bill as a whole, and to each aspect or phrase thereof, separately and severally.

The allegation setting forth the ground for divorce is in the following language: "The cause of their separation was that the defendant has committed actual violence on the person of the complainant, attended with danger to her life or health, and from his conduct the complainant has reasonable apprehension of such violence and does apprehend such violence."

The foregoing is substantially in the language of the statute providing for a divorce on the ground of cruelty. But those allegations alone are not sufficiently definite under the statute to constitute good pleading on demurrer properly assigned, although they would be sufficient on collateral attack to sustain the jurisdiction of the court. Our authorities upon the subject require more than a use of the language of the statute when apt demurrer is interposed. Against apt demurrer it is necessary to give some detail of what is alleged to be violence to her person, Hillhouse v. Hillhouse, 222 Ala. 146, 131 So. 441; Tutwiler v. Tutwiler, 205 Ala. 283, 87 So. 852; Roberts v. Roberts, 247 Ala. 302, 24 So.2d 136. The authorities relied upon by appellee are distinguishable from the instant case. Here, the demurrer specifically pointed out the defect and should have been sustained.

As to the other aspect of the bill, it is alleged: "The parties hereto are the joint owners as tenants in common of a house and lot in the city of Decatur, Morgan County, Alabama, particularly described as" (describing it). And further, "The parties hereto are the joint owners as tenants in common of a 140 acre farm in Morgan County, title to part of which stands in the name of the defendant alone and to another part of which stands in the name of the parties to this suit jointly. Said farm is more particularly described as follows:" (describing it). And further, "Complainant alleges that the complainant has contributed her money and labor for purchase of and payment for all

of the above described property. Complainant further alleges that the property in Decatur is unencumbered and that the farm is subject to a mortgage on which there is an unpaid balance of about $1,000.00. Complainant further alleges that the net value of said farm is about equal to the net value of said town property. Said properties are subject to partition in kind. Complainant would prefer as her share of said properties the house and lot in Decatur so that she will have a place to live and raise her minor children."

As a part of the relief asked, complainant prayed "that the property of the complainant and defendant be partitioned in kind and the complainant be awarded as her share of said property the house and lot in Decatur, Alabama."

Section 194, title 47, Code of 1940, provides:

"The application for division or partition must set forth the names of all the persons interested in the property, their residence, if known, whether they are over or under twenty-one years of age, a full and accurate description of the property sought to be divided or partitioned, the interest of each person in the same, and the number of shares into which it is to be divided."

 The foregoing Code section applies in proceedings in the probate court. We find no similar statute applicable to proceedings in equity. Nevertheless, it has been held many times by this Court that in proceedings in equity for the sale of real estate for distribution among joint owners or tenants in common, the petition to that end must clearly and definitely show the interest or moieties in the land. Hillens v. Brinsfield, 108 Ala. 605, 18 So. 604; Garnett Smelting & Dev. Co. v. Watts, 140 Ala. 449, 37 So. 201; Martin v. Cannon, 196 Ala. 151, 71 So. 996; Pollard v. Jackson, 204 Ala. 31, 85 So. 431; Roy v. Abraham, 207 Ala. 400, 92 So. 792, 25 A.L.R. 101; Hinson v. Cook, 241 Ala. 70, 1 So.2d 33.

In Hillens v. Brinsfield, supra [108 Ala. 605, 18 So. 607], it was said:

"In all judicial proceedings the essential facts constituting the cause of action must appear in a way that an issue can be formed upon them, and so that the court can proceed, in an intelligent manner, to observe and enforce the rights of the parties. When we read and analyze the several provisions of the several sections of this system, we see plainly, that no case would be stated, upon which the court could intelligently act, which failed to show that there was a joint or common property, and what that property was; that there were joint or common owners thereof, who they were, and their respective interests therein."

This language is found in several of our later cases. Authorities supra.

 We can perceive of no good reason why the rule applied in cases of a petition for a sale for division is not applicable, or should not be applied, to a petition for a partition in kind. The reason for the rule is the same in both instances. In the absence of an allegation showing the interest or moiety of the parties in the lands sought to be partitioned or sold, the court could not proceed.

The demurrer pointing out this defect in the aspect of the bill now considered should have been sustained.

It follows that the cause must be reversed and remanded.

Reversed and remanded.

GARDNER, C. J., and FOSTER, LAWSON and STAKELY, JJ., concur.