54 So.2d 291

**HARRIS v. HARRIS.**

3 Div. 584.

Supreme Court of Alabama.

Oct. 4, 1951.

McMillan, Caffey & McMillan, Brewton, for appellant.

193

Allen Cook and A. R. Powell, Jr., Andalusia, for appellee.

LIVINGSTON, Chief Justice.

The bill of complaint in this cause, as originally filed, sought a divorce *a vinculo matrimonii* on the ground of cruelty, and the custody of the two minor children of the marriage. The bill was amended, and as amended, sought a divorce *a mensa et thoro*.

The original bill alleged the cruelty complained of in the following language: "That since the said marriage and recently, the defendant has made threats to commit serious physical violence on the person of complainant, of such nature as to endanger her life or health; that in addition to other abusive treatment, he has threatened to break her neck and that from his conduct towards her, she has reasonable apprehension of physical violence on her person at his hands, attended with danger to her life or health. She therefore charges him with Statutory Cruelty."

The amended bill added to the charge of cruelty the following: "That the respondent, James William Harris, on two occasions prior to the separation of said James William Harris and this complainant did assault and beat this complainant with his fists, striking her on several parts of the head, severely bruising and injuring this complainant, and on the said occasions did threaten the life of this complainant, cursed her, told her he would kill her, and would shoot her with a pistol which the respondent continuously carried at that time."

Title 34, § 36, Code 1940, provides: "Cases of divorce from bed and board.— The judge may decree a divorce from bed and board for cruelty in either of the parties, or for any cause which would justify a decree from the bonds of matrimony, if the party applying therefor desires only a divorce from bed and board."

Demurrers were interposed to the original bill, and to the bill as amended, and in each instance overruled. Thereupon respondent filed an answer and the evidence in the case was taken *ore tenus* before the judge of the trial court.

The court below entered a decree granting complainant a divorce *a mensa et thoro,*

custody of the infants and ordered the register to hold a reference to determine the amount due complainant for the support of herself and minor children, and solicitor's fees. From this decree the appeal is prosecuted by respondent husband.

Assignments of error 1, 2 and 3 are based upon the overruling of appellant's demurrers to the original bill and the bill as amended.

■ Our cases are clear to the effect that a bill of complaint predicated upon cruelty of the husband need not go into the details with particularity, but it should at least, give the nature and character of the acts or conduct relied upon to establish the charge. McMahon v. McMahon, 170 Ala. 338, 54 So. 165; Tutwiler v. Tutwiler, 205 Ala. 283, 87 So. 852; Hillhouse v. Hillhouse, 222 Ala. 146, 131 So. 441; Holt v. Holt, 249 Ala. 215, 30 So.2d 664.

■ But in the case of Hillhouse v. Hillhouse, supra, it was said: "The case of Ratcliff v. Ratcliff, 209 Ala. 377, 96 So. 422, is not opposed to this ruling. It recognized the necessity for such an averment, but applied the doctrine of error without injury, as the bill was answered and all the facts and circumstances were gone into at the trial. The court did not hold that the case would not be reversed had the appeal been upon the ruling on demurrer before answer and proof taken, as was done in this case."

Conceding, without deciding, that the original bill, and the bill as amended, did not meet the requirements of good pleading we would be unwilling under the decision of Ratcliff v. Ratcliff, supra, to reverse the decree of the trial court overruling the demurrers.

■ The evidence discloses that the two acts of violence alleged in the original bill occurred respectively ten years and six years prior to the time of trial. It is not necessary for us to consider the questions of condonation and revival of past acts of cruelty, because it is our opinion that respondent's conduct which brought about the separation was such as to make complainant reasonably apprehensive of violence to her person, attended with danger to life or health. It is not necessary to prove that actual violence has been committed. Bailey v. Bailey, 237 Ala. 525, 187 So. 453. However mere empty threats are not sufficient to authorize the granting of a divorce. Campbell v. Campbell, 252 Ala. 487, 41 So.2d 185; Bailey v. Bailey, supra.

■ Bearing in mind that the evidence was heard *ore tenus* before the trial judge and the usual presumption in favor of his finding is indulged in by this court, we find that respondent's conduct was such as to justify the decree of divorce. Without detailing the evidence it is sufficient to point out that respondent threatened the life of complainant, carried a pistol during the last two weeks of the parties cohabitation and continued his threats, and on the morning of the separation threatened complainant with bodily harm. This is not the case of a single isolated threat with no apparent intention or indication that it would be carried out as was the case in Campbell v. Campbell, supra, and Bailey v. Bailey, supra. The past acts of cruelty were evidence enough that respondent had carried out his threats in the past. Where the evidence shows that a husband has constantly threatened bodily harm to his wife and has shown that he has carried out his threats in the past and is capable of carrying them out in the present, this court will not put a trial court in error for awarding a divorce on such evidence heard *ore tenus*.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.