69 So.2d 670

### MARCUM v. MARCUM.

#### 6 Div. 600.

Supreme Court of Alabama.

Jan. 14, 1954.

Tom B. Ward and Tom B. Ward, Jr., Ward & Ward, Tuscaloosa, for appellant.

E. D. McDuffie, Tuscaloosa, for appellee.

GOODWYN, Justice.

Appeal from decree overruling demurrer to wife's bill for divorce charging the husband with cruelty. The single point presented for decision is whether the allegations of the bill are sufficient, on demurrer, to support the charge. The bill alleges the following:

"3. Complainant avers that the respondent has committed actual violence on her person, attended with danger to her life or health, or from respondent's conduct there is and there was reasonable apprehension of such further violence. Complainant further avers that on or about, to-wit, the 28th day of July, 1951, respondent committed actual violence on the person of complainant, attended with danger to her life or health, and as a result of said cruelty and cruel treatment complainant separated from respondent on, to-wit, July 28, 1951, in Tuscaloosa County, Alabama, and has not lived with him as his wife since that time."

Divorce on the ground of cruelty is authorized by Code 1940, Tit. 34, § 22, as amended by Act No. 487, appvd. Sept. 30, 1947, Gen. Acts 1947, p. 336, which pro-

198

vides for divorce "in favor of either party to the marriage when the other has committed actual violence on his or her person, attended with danger to life or health, or when from his or her conduct there is reasonable apprehension of such violence."

It can be seen that the bill follows the language of the statute and adds, with respect to the charge of actual violence, only the date when committed. There are no other details.

The allegations of the bill, on demurrer, are not sufficient. As stated in Hillhouse v. Hillhouse, 222 Ala. 146, 131 So. 441, "the bill of complaint need not go into the details with particularity, but it should, at least, give the nature and character of the acts or conduct relied upon to establish the charge." In Holt v. Holt, 249 Ala. 215, 216, 30 So.2d 664, 665, the charge of cruelty was, as here, substantially in the language of the statute. It was there held:

"But those allegations alone are not sufficiently definite under the statute to constitute good pleading on demurrer properly assigned, although they would be sufficient on collateral attack to sustain the jurisdiction of the court. Our authorities upon the subject require more than a use of the language of the statute when apt demurrer is interposed. Against apt demurrer it is necessary to give some detail of what is alleged to be violence to her person. Hillhouse v. Hillhouse, 222 Ala. 146, 131 So. 441; Tutwiler v. Tutwiler, 205 Ala. 283, 87 So. 852; Roberts v. Roberts, 247 Ala. 302, 24 So.2d 136."

See, also, the following authorities: Harris v. Harris, 256 Ala. 192, 194, 54 So.2d 291, and Tidmore v. Tidmore, 245 Ala. 149, 16 So.2d 319.

The demurrer to the bill should have been sustained.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and CLAYTON, JJ., concur.