87 So.2d 645

#### Robert Clarkson COLLINS

v.

#### Catherine Hammond COLLINS.

#### 6 Div. 970.

Supreme Court of Alabama.

May 24, 1956.

Pritchard, McCall & Jones, Winston B. McCall, Birmingham, for appellant.

Gibson & Hewitt and J. Kirkman Jackson, Birmingham, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer of Robert Clarkson Collins (appellant) to the bill of complaint filed by Catherine Hammond Collins (appellee) for a decree of divorce under § 22, Title 34, Code of 1940, as amended by Act No. 487, approved September 30, 1947, General Acts 1947, p. 336, § 22, Title 34, Code of 1940, PP. The act in pertinent part reads as follows:

> "In favor of either party to the marriage when the other has committed actual violence on his or her person, attended with danger to life or health, or when from his or her conduct there is reasonable apprehension of such violence. * * *."

The only question for decision is whether the allegations of the bill as against demurrer are sufficient to state a ground for divorce under the statute. The allegations of the bill are as follows:

> "Complainant shows unto the Court and avers that Respondent has committed actual violence on the person of Complainant, attended with danger to her life or health or from his conduct there has been reasonable apprehension of such violence; more specifically, complainant avers that on, towit, June 2, 1955, at 3926 Montevallo Road in Birmingham, Alabama, while in a frenzied rage, a condition to which the Complainant alleges the Respondent is addicted, and in close proximity to the person of the complainant, the respondent, drawing back his fist yelled at

complainant, 'I am going to knock your teeth down your throat'; and complainant avers that on account of such conduct on the part of Respondent that Complainant and Respondent separated on, towit, the 13th day of June, 1955, and have not lived together as husband and wife since that date."

In the light of our cases we consider the allegations of the bill sufficient to authorize the granting of a divorce under the foregoing statute. Marcum v. Marcum, 260 Ala. 197, 69 So.2d 670; Smith v. Smith, 261 Ala. 204, 73 So.2d 538.

The judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.