92 So.2d 6

### R. Lee BURLESON

v.

### Betty Ruth BURLESON.

**6 Div. 931.**

Supreme Court of Alabama.

Jan. 10, 1957.

Fite & Fite, Hamilton, for appellant.

Bill Fite, Hamilton, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from a decree in equity overruling the demurrer of R. Lee Burleson, appellant, to the bill of complaint filed by Betty Ruth Burleson, appellee, for a decree of divorce under Sec. 22, Title 34, Code of 1940, 1955 Cum.Pocket Part. The pertinent provisions of Sec. 22 provide as follows:

> "In favor of either party to the marriage when the other has committed actual violence on his or her person, attended with danger to life or health, or when from his or her conduct there is reasonable apprehension of such violence. * * *"

The only question for decision in this cause is whether the allegations of the bill as against demurrer are sufficient to state a ground for divorce under the statute. The allegations are as follows:

> "3. During the time that complainant and defendant were living together as wife and husband the defendant committed actual violence on the person of the complainant, attended with danger to her life or health, or from his conduct, there was reasonable apprehension of such violence."

**420**

The demurrer to the foregoing allegation was as follows:

"1. There is no equity in the bill.

"2. No facts are alleged which give the complainant a cause of action for divorce against the defendant.

"3. The cruelty attempted to be alleged is alleged by way of conclusion only."

As against an apt demurrer (ground 3 above), it is not sufficient merely to follow the language of Sec. 22, Title 34, supra. While the bill of complaint need not go into details with particularity, the bill should at least give the nature and character of the acts or conduct relied upon to establish the charge. Smith v. Smith, 261 Ala. 204, 73 So.2d 538; Henson v. Henson, 261 Ala. 63, 73 So.2d 100; Marcum v. Marcum, 260 Ala. 197, 69 So.2d 670; Holt v. Holt, 249 Ala. 215, 30 So.2d 664; Roberts v. Roberts, 247 Ala. 302, 24 So.2d 136. The bill in the instant cause failed in this respect, and the demurrer pointing out this defect should have been sustained.

It follows that the cause must be reversed and remanded.

Reversed and remanded.

LAWSON, STAKELY and MERRILL, JJ., concur.