# Davis *v.* McCary & Dean.

### *Action of Assumpsit.*

1. *Return day of summons*—A summons to appear before the Circuit Court at the place of holding the same omitting the words "at the next term thereof," according to the form in the Code, is not void since the Code, ($§ 2662, 2663), fixes the term to which it is returnable.

2. *Judgment entry.*—It is not a valid objection to a judgment that the amount for which it is rendered is expressed only in figures preceded by the dollar mark.


APPEAL from the Circuit Court of Tuscaloosa.

Tried before the Hon. S. H. SPROTT.

This was an action of assumpsit brought by McCary & Dean against T. A. Davis; and counted on a promissory note. There was judgment for plaintiffs and defendant appeals. Affirmed.

This suit was brought on July 9th, 1892, and on that day the following summons was issued: "You are hereby commanded to summon T. A. Davis to appear before the circuit court of Tuscaloosa county, at the place of holding the same, then and there to answer, plead or demur to the complaint hereto annexed of McCary & Dean.

You are required to execute this process instanter, and to return the same immediately upon the execution thereof."

This summons was executed on September 6, 1892, and on November 22, 1892, the following judgment entry was made: "Came the plaintiff by attorney, and the defendant being called, came not, but made default; It is therefore considered by the court that plaintiff have and recover of the defendant the sum of $156.11, and the costs in this behalf expended for which execution may issue," &c. This is the judgment appealed from, and the assignments of error based on the rulings of the court are sufficiently stated in the opinion.

J. J. MAYFIELD for the appellant.

35

[Lindsay v. Morris et al.]

COLEMAN, J.—The judgment appealed from was rendered by default. The first assignment of error is as to the sufficiency of the summons. The defendant was summoned "to appear before the circuit court of Tuscaloosa county, at the place of holding the same" &c. The objection is that the summons does not say "at the *next term*," according to the form of the Code. It is better to follow the prescribed forms, but the omission of the words "next term" does not cause a defect of such character as to wholly vitiate the summons.

Section 2662 of the Code prescribes that "when the summons is issued less than three days before the term of the court next thereafter, it must be made returnable to the next succeeding term, and by section 2663 of the Code, "The return day of the summons, is the first day of the court to which it is returnable." The law fixed the term to which the summons was returnable.

The second assignment of error is that the amount of the judgment was expressed in figures preceded by the dollar mark, as follows: $135.99, instead of being written out. At an early day in the case of *Tankersly v. Silburn,* Minor Rep. 185, it was said: The mark used to denote dollars has obtained general currency, . . . and conveys the idea of dollars as distinctly as the word dollar itself, and a judgment rendered as the one under consideration was held not to be insufficient on this account. There is no error in the record.

Affirmed.