# Jones & Hooks *v.* Finch.

*Action to Recover Damages for Negligently Killing a Mule.*

1. *Action for negligence; sufficiency of complaint.*—A complaint which avers that the defendants, through their servants and employees, negligently caused a wire suspended over another wire charged with electricity in one of the public streets of the city to break from its fastenings and come in contact with said charged wire, and to hang in a position liable to strike animals passing along said street, and to be dangerous to such animals, and that the plaintiff's mule, while being driven upon said street came in contact with such wire and was killed, sufficiently stated a cause of action.

2. *Same; when plaintiff entitled to recover.*—In an action to recover damages for the killing of a mule alleged to have been caused by the mule coming in contact with a wire which the defendant's employees or servants negligently broke from its fastenings, thereby allowing it to come in contact with the wire charged with electricity, where the evidence shows that the defendant's servants or employees negligently caused a telephone wire to fall and remain across a trolley wire hanging down into the street where it would come in contact with passing animals, and that the telephone wire became charged with the electric current from the trolley, and a wire so charged struck the plaintiff's mule and killed it, and that the driver of the mule did not see the suspended wire until ·it came in contact with the animal, the plaintiff is entitled to recover; and this is true, notwithstanding the negligence of the owner of the trolley wire in not providing fenders against the telephone wire was a conjunctive cause of the disaster.

3. *Same; same; contributory negligence.*—In such a case, the driver having a right to assume that the way was free from such dangerous obstructions, and not becoming aware of the presence of the telephone wire hanging in the street before the animal was struck, is not chargeable with contributory negligence.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was an action brought by the appellee, Richard A. Finch, against Jones & Hooks, a partnership composed of George A. Jones and A. Fletcher Hooks. After a demurrer was sustained to the original complaint, the plaintiff amended his complaint so as to read as follows: "Plaintiff claims of defendant two hundred dollars for that heretofore, to-wit: on the 15th day of February, 1899, the defendants, through their servants and employees, negligently threw snow against or upon a wire that was suspended over a wire charged with electricity in one of the public streets in the city of Mobile and thereby caused it to break one of its fastenings, and come in contact with said charged wire and to hang in a position to be liable to come in contact with any animal passing along said street and to be dangerous to such animal, and plaintiff's mule, while being driven upon said street, came in contact with said wire and was thereby killed to plaintiff's damage, as aforesaid." To this amended complaint the defendants demurred upon several grounds, which were substantially as follows: 1. That the authority of the servants performing the act complained of was not sufficiently alleged. 2. Because the plaintiff does not show that the defendants knew that their negligence had resulted in creating the dangerous condition, and, therefore, that they were guilty of negligence in not moving the dangerous wire. 3. Because it does not show that the electrical current with which the wire was negligently charged was such as to reasonably produce the injury which it did produce. 4. That the injury complained of was not the approximate result of the negligence on the part of the defendants in breaking the telephone wire so as to cause it to fall across the trolley wire and to hang down into the street. This demurrer was overruled. The defendants then pleaded the general issue and a special plea, setting up the contributory negligence of the plaintiff, in that the driver of the mule that was killed saw, or by reasonable diligence could have seen the wire hang-

ing down in the street, lying across the said trolley wire, and that, therefore, said driver could have known, by the exercise of reasonable care, that it was dangerous and hazardous for him to drive the plaintiff's mule so that it would come in contact with the hanging wire. Disregarding his duty in this respect, he negligently drove said mule upon and in contact with said suspended wire. The plaintiff demurred to the second plea, upon the ground that it does not set up any facts showing that the person driving the mule was guilty of any negligence. This demurrer was sustained. The facts of the case, as shown on the trial, and necessary for an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the plaintiff gave the general affirmative charge in its behalf, and refused to give the several charges requested by the defendants.

There were verdict and judgment for the plaintiff, assessing his damages at $150. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

L. H. & E. W. Faith, for appellant.—The complaint did not state a cause of action, and the demurrer thereto should have been sustained.—*King v. Henkle*, 80 Ala. 510; Woods' Mayne on Dam. 74-77; *Milwaukee, etc., v. Kellogg*, 94 U. S. 469; *Stanton v. L. & N. R. R. Co.*, 91 Ala. 384.

Under the evidence in this case, the plaintiff was entitled to recover.—*Milwaukee v. Kellogg*, 94 U. S. 469; *Hoag v. R. R. Co.*, 85 Pa. St. 293; *Jones v. R. R. Co.*, 128 U. S. Rep. 443; *Park v. O'Brien*, 23 Conn. 347; *R. R. Co. v. Van Steinburg*, 17 Mich. 99, 118.

Gregory L. & H. T. Smith, *contra.*—The complaint sufficiently stated a cause of action, and the demurrer thereto was properly overruled.—*W. U. T. Co. v. Engler*, 75 Fed. Rep. 102; *Lundeen v. Livingston*, 41 Pa. Rep. 995; *Quill v. Tel. Co.*, 34 N. Y. S. 470; 92 Hun. 546; *Twist v. Rochester*, 55 N. Y. S. 857; *R. R.*

*Co. v. Calderwell*, 89 Ala. 249; *R. R. Co. v. Winn*, 93 Ala. 309.

Under the evidence adduced upon the trial of the cause, the plintiff was entitled to recover.—*Lord v. Mobile*, 113 Ala. 370; *City Council v. Wright* 72 Ala. 411; *Owings v. Binford*, 80 Ala. 421; *Booth v. Dexter Engine Co.*, 118 Ala. 362; *Pelican Ins. Co. v. Smith*, 92 Ala. 428.

McCLELLAN, C. J.—This is an action prosecuted by Finch against Jones & Hooks sounding in damages for the alleged destruction of a mule belonging to plaintiff by the defendants. The gist of the action is that defendants negligently diverted an electric current from a trolley wire down into the street beneath it into plaintiff's mule passing along the roadway, causing its death. That *quo modo* is sufficiently stated in the complaint. That the defendants negligently caused a telephone wire to fall and remain across the trolley wire hanging down into the street where it could come in contact with passing animals, charged with the deadly electric current from the trolley, and that this telephone wire so charged came in contact with plaintiff's mule and killed it, was proved beyond adverse inference by uncontroverted evidence. That the driver of the mule did not see the suspended wire until it came in contact with the animal and felled it to the ground is also shown by undisputed evidence. On this state of the case, the negligence of the defendants was an efficient proximate cause of the result complained of, and it is of no consequence that the negligence of the owner of the trolley wire in not providing fenders against the telephone wire was a conjunctive cause of the disaster. And the driver having a right to assume that the way was free from such dangerous obstruction, and not becoming aware of its presence before the animal was stricken is not chargeable with contributory negligence. The trial court, therefore, properly overruled the demurrer to the amended complaint, sustained the demurrer to the plea by which it was sought to set up contributory neg-

ligence, and gave the affirmative charge, with hypothesis, for the plaintiff.—*McKay & Roache v. Southern Bell Telephone Co. et al.*, 111 Ala. 337; *Quill v. Empire State Telephone Co.*, 34 N. Y. Sup. 470; Crosswell's Law of Electricity, §§ 248-9.

Affirmed.