57 So.2d 618

**DARRAH v. DARRAH.**

**7 Div. 117.**

Supreme Court of Alabama.

May 13, 1952.

Embry & Embry, Pell City, for appellant.

John R. Robinson, Ashville, for appellee.

LAWSON, Justice.

Macon Robert Darrah filed his bill in the circuit court of St. Clair County, in equity, on or about March 19, 1951, against his wife, Betty Darrah, seeking a divorce on the ground of voluntary abandonment.

The bill contains three paragraphs and the prayer. The first paragraph relates only to the residence and ages of the parties. The second and third paragraphs, which

are pertinent to the question presented on this appeal, read as follows:

"Second. That your complainant and the Respondent were married to each other on to-wit: August 3rd 1929, and they lived together as man and wife until to-wit, the 26th day of July, 1949 at which time they separated. That they have not lived together as man and wife or in any other respect since said date. Complainant and Respondent were living in Pell City at the time they separated.

"Third. Complainant avers that the cause of the separation between he and the Respondent was caused by the Respondent voluntarily abandoning the bed and board of the Complainant without any cause on his part."

The respondent wife filed the following demurrer:

"Comes the Respondent in the above styled cause and demurs to Paragraph 3rd of the Bill of Complaint and as grounds for therefore says:

"1. For that the averments in said paragraph are insufficient for a divorce.

"2. For that the averments of Paragraph 3rd fails to state a cause of action to support the prayer of the Bill of Complaint.

"3. For there is no equity stated in said paragraph.

"4. For that the grounds stated in said paragraph are insufficient as a basis for a divorce in said cause."

The demurrer was overruled by the trial court. The respondent has appealed.

Section 20, Title 34, Code 1940, as amended, provides in part as follows: "The circuit court in equity has power to divorce persons from the bonds of matrimony, upon bill filed by the aggrieved party, for the causes following: * * * 3. For voluntary abandonment from bed and board for one year next preceding the filing of the bill. * * *"

The argument is made that paragraph 3 of the bill was insufficient in that it does not appear therefrom that the voluntary abandonment of the wife continued for a period of one year next preceding the filing of the bill. That paragraph contains no such averment. But when the averments of paragraph 2 are considered in connection with those of paragraph 3, it is made to appear that the separation which occurred on July 26, 1949, continued to the date of the filing of the bill and that the cause of the separation was the voluntary abandonment of complainant by respondent. These averments are sufficient. Spencer v. Spencer, 254 Ala. 22, 47 So.2d 252; Siener v. Siener, 250 Ala. 376, 34 So.2d 576; Nelson v. Nelson, 244 Ala. 421, 14 So.2d 155; Stephenson v. Stephenson, 213 Ala. 382, 105 So. 183.

Nicety of pleading in cases of this character is not required. Siener v. Siener, supra, and cases cited. It was not incumbent upon complainant to incorporate in one paragraph of his bill all of the averments relating to the grounds upon which he bases his right to a divorce. The averments of paragraph two and three both should be looked to in determining whether the bill contains averments sufficient to state a cause of action for divorce on the ground of voluntary abandonment. The demurrer was addressed only to the third paragraph. In Michie v. Bradshaw, 227 Ala. 302, 309, 149 So. 809, 815, it was said:

"Demurrer specially assigned to a 'paragraph' of a bill is inapt, unless such paragraph sets forth some aspect of the bill on which relief is prayed.

"Thus, demurrers assigned severally to paragraphs 8, 9, 10, 11, and 13 of the present bill, which merely set forth various features of the transaction upon which, in connection with other averments, relief is sought, are inapt, and were properly overruled."

See Cook v. Whitehead, 255 Ala. 401, 51 So.2d 886, and Qualls v. Union Central Life Ins. Co., 242 Ala. 619, 7 So.2d 558.

The decree appealed from is affirmed.

Affirmed.

BROWN, FOSTER, SIMPSON, and STAKELY, JJ., concur.