64 So.2d 821

### DILLON v. DILLON.

7 Div. 165.

Supreme Court of Alabama.

April 30, 1953.

Cates & Huddleston, Montgomery, for appellant.

John W. Coleman, Talladega, for appellee.

MERRILL, Justice.

The appellant, Mary L. Dillon, filed her bill of complaint for separate maintenance in the Circuit Court, in Equity, of Talladega County against W. M. Dillon on November 24, 1951. W. M. Dillon filed his answer denying the allegations of the complaint and added thereto his cross bill seeking a divorce on the grounds of voluntary abandonment on the part of his wife, Mary L. Dillon. He later amended his cross bill and added cruelty as a ground.

The cause was heard ore tenus by the Circuit Court, in Equity, of Talladega County, and upon the hearing the court decreed that Mary L. Dillon's bill of complaint should be dismissed; that W. M. Dillon, the respondent, was entitled to the relief prayed for in his cross bill as amended, and that W. M. Dillon be divorced from Mary L. Dillon for and on account of cruelty; that W. M. Dillon pay $125 per month for the support of complainant, and he pay $125 as attorney's fee to the respondent's attorney; that the respondent have the custody of their minor son fifteen years old from September 1st to May 31st of each year, and that complainant, Mary L. Dillon, have the custody of said child during the months of June, July and August of each year; and that the respondent pay to complainant the sum of $100 per month for the support of said child while he is in the custody of complainant; that respondent make complainant the irrevocable beneficiary of $5,000 insurance; and that respondent's custody of the minor child be on condition that respondent place the child in an accredited boarding school or college. From this decree, complainant, Mrs. Dillon, has appealed.

The only question argued in appellant's brief is whether the evidence was sufficient to warrant the court's granting relief to cross complainant at all or granting relief on the ground of cruelty. It is axiomatic that on appeal this Court considers only those questions argued in brief.

Complainant and respondent were married in November 1923. Until his retirement from the Navy with one hundred percent disability in 1946, respondent was a rear admiral in the United States Navy. In September 1947 the couple moved to the Winterboro Community in Talladega County. Their marital experience while in Alabama was an unhappy one. Mrs. Dillon testified that she had not lived with her husband as man and wife in over five years; that she had no respect for him whatsoever; that she married him for companionship and rank; that she was not too much in love when she married him, and that she was "raised in rather an English fashion where we married for companionship and not for passion"; and that she had no intention ever to live with him again. In September 1950 they signed an agreement which states that they separated July 1, 1950, that Mrs. Dillon was to receive $100 per month as support and Mr. Dillon was to have the custody of their son. This agreement was to be effective for five months. Mrs. Dillon took her younger son to Mexico in May 1951 to attend the marriage of their older son, and since that time she has stayed away from her husband and has also kept her son away from him. Respondent has been in ill health and had to go to the Naval Hospital in Pensacola and was not able to attend his son's wedding in Mexico.

The respondent's evidence about the cruelty of his wife was as follows:

"Q. I will ask you whether or not Mrs. Dillon threatened your life? A. She did.

"Q. Did she have any firearms with her at the time? A. She did.

"Q. What did she have? A. She had an Iver-Johnson 32.

"Q. What, if anything, did she say to you on that occasion? A. I was in my bed reading, which was about 10:30 that night. We had been jointly in the living room previously for about two hours, and all of a sudden she sort of went off and didn't want to enter into any fight, so * * * I had been trying to avoid these things as much as I could, so I went to my own room to avoid them and she followed me in the room and sat on the opposite bed and leered at me and then she went to her room and came back with this thirty-two and was pointing it at me directly. Well, I had given her the thirty-two and had bought the ammunition for it, thirty-two ammunition * * *

"Mr. Odum: I think he has answered the question; he is going into needless details.

"The court: I note the objection.

"The witness: The fact is, I wrenched the gun immediately from her."

Complainant denied that she pointed the pistol at her husband, but she stated that on the night in question she saw the pistol in her bureau drawer and, remembering that her husband had promised to teach her to shoot the pistol, she went into his room where he was on the bed, carrying the bullets in one hand and the pistol in the other, with the intention of getting him to show her how to use it, but he "grabbed the gun and threw it across the room," and would not listen to her explanation.

The trial court heard the evidence relating to both the voluntary abandonment and cruelty of the appellant and he chose to base the decree on the latter ground.

■ Where the testimony is taken ore tenus before the trial judge, his judgment or decree will not be disturbed unless plainly and palpably wrong. Meadows v. Hulsey, 246 Ala. 261, 20 So.2d 526; 2 Alabama Digest, Appeal and Error, ☞ 1008(1).

■ Appellant filed a motion in this Court on April 2, 1953 stating that she is without funds to employ counsel and requesting this Court to grant reasonable attorneys' fees and assess the same against appellee. Appellee filed a sworn answer to the motion. On appeal of the cause this Court will order an allowance of an additional fee for the wife's solicitors if the exigencies of the case require it. Ex parte Taylor, 251 Ala. 387, 37 So.2d 656. We do not think the exigencies of this case require it.

It follows that the decree of the trial court should be affirmed, and the motion denied.

Decree affirmed and motion denied.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.