73 So.2d 538

**SMITH v. SMITH.**

**8 Div. 765.**

Supreme Court of Alabama.

June 24, 1954.

Russell W. Lynne, Decatur, for appellant.

R. L. Almon, Moulton, for appellee.

STAKELY, Justice.

This is an appeal from a decree in equity overruling the demurrer of Corbin A. Smith (appellant) to the bill of complaint filed by Elsie W. Smith (appellee) for a decree of divorce under § 22, Title 34, Code of 1940, as amended by Act No. 487, approved September 30, 1947, General Acts 1947, p. 336, § 22, Title 34, Code of 1940, PP. The act in pertinent part reads as follows:

"In favor of either party to the marriage when the other has committed actual violence on his or her person, attended with danger to life or health, or when from his or her conduct there is reasonable apprehension of such violence. * * *"

The only question for decision is whether the allegations of the bill as against demurrer are sufficient to state a ground for divorce under the statute. The allegations are as follows:

"On Saturday afternoon late, or early night, on January 9, 1954, the respondent came to the home of the complainant where she had been living with their son, Howard, and respondent was drinking very heavy or was drunk, and started to fuss and curse her in the presence of their said son, and finally this complainant got respondent to leave her house, but he returned immediately to the front door and demanded her to open the door, and he

started kicking and or knocking at the door and broke out part of the glass, and complainant saw that respondent fully intended to get back into the house and she opened the door so as to keep him from kicking it down, and respondent came in the door with a pistol in his hand waving it at her and in front of her and their son and telling her that the safety was on, asking her couldn't she see it was, and the complainant and her said son, Howard, finally ran away from home and to the home of her parents, Mr. and Mrs. H. P. Warren, who lived nearby.

"Complainant alleges that the respondent has committed actual violence on her person attended with danger to her life or health, or from his conduct there is reasonable apprehension of such violence."

 It is no objection that the bill of complaint does not incorporate in one paragraph all of the allegations which seek to state the basis of complainant's right of divorce. Darrah v. Darrah, 257 Ala. 263, 57 So.2d 618. Furthermore nicety of pleading is not required in a case of this kind. Darrah v. Darrah, supra; Siener v. Siener, 250 Ala. 376, 34 So.2d 576.

Reverting to the statute it is not necessary to authorize the granting of a divorce on the ground of cruelty that the husband has committed actual violence on her person attended with danger to life or health. It is sufficient if the allegations show a course of conduct from which the complainant has reasonable apprehension of such violence. It is not sufficient, however, merely to follow the language of the statute, but while the bill of complaint need not go into details with particularity, the bill should give the nature of conduct relied upon to establish the charge. Marcum v. Marcum, 260 Ala. 197, 69 So.2d 670; Roberts v. Roberts, 247 Ala. 302, 24 So.2d 136; Holt v. Holt, 249 Ala. 215, 30 So.2d 664.

Judged by the foregoing standards, we consider the allegations of the bill suffi-

cient. The court accordingly acted correctly in overruling the demurrer to the bill.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.