89 So.2d 531

**Mark E. COLBURN**

v.

**Ina Ruth COLBURN.**

**6 Div. 32.**

Supreme Court of Alabama.

Sept. 6, 1956.

Callahan & Buck, Tuscaloosa, for appellant.

deGraffenried, deGraffenried & deGraffenried, Tuscaloosa, for appellee.

SIMPSON, Justice.

This is an appeal from a decree of the Circuit Court, In Equity, overruling the demurrer of the appellant to the bill of complaint filed by the appellee for a divorce on the ground of cruelty. § 22, Tit. 34, Code of 1940. The pertinent part of the controlling statute reads:

> "In favor of either party to the marriage when the other has committed actual violence on his or her person, attended with danger to life or health, or when from his or her conduct there is reasonable apprehension of such violence. * * *"

The single question is whether the allegations of the bill are sufficient under the statute as against the demurrer. The allegations of the bill as last amended are as follows:

> "Complainant avers that prior to their separation on September 9, 1955, but after their remarriage to each other on September 3, 1955, the respondent committed actual violence on the person of your complainant, attended with danger to her life or health, or from his conduct there was reasonable apprehension of such violence, *in that the respondent slapped your complainant and struck her about the face and body*, and complainant separated from the respondent and has not lived with him since." (Emphasis supplied.)

It is apparent that the complainant has tracked the statute in her complaint and in addition thereto has alleged the nature of conduct relied upon to establish the charge. This is sufficient. Smith v. Smith, 261 Ala. 204, 73 So.2d 538; Marcum v. Marcum, 260 Ala. 197, 69 So.2d 670; Harris v. Harris, 256 Ala. 192, 54 So.2d 291; MacMahon v. MacMahon, 170 Ala. 338, 54 So. 165.

The appellant does not argue that the acts of cruelty alleged (italicized part of the complaint) are insufficient to show cruelty; rather, he argues that these acts refer only to the part that immediately precedes them, i. e., that the alleged acts of cruelty apply only to the "reasonable ap-

prehension" clause. We regard the contention as hypercritical for nicety of pleading is not required in a case of this kind. Smith v. Smith, supra; Darrah v. Darrah, 257 Ala. 263, 57 So.2d 618; Siener v. Siener, 250 Ala. 376, 34 So.2d 576.

The allegations of the bill are good against the asserted demurrer.

Affirmed.

GOODWYN, MERRILL and SPANN, JJ., concur.