99 So.2d 740

**Irene D. BRANYON**

v.

**James Homer BRANYON.**

**8 Div. 906.**

Supreme Court of Alabama.

Oct. 31, 1957.

Rehearing Denied Jan. 23, 1958.

**54**

Howell T. Heflin, Tuscumbia, for appellant.

Kirk, Rather & Hughston and Patrick B. Harris, Tuscumbia, and McDonnell & Jones, Sheffield, for appellee.

GOODWYN, Justice.

This is an appeal by respondent below from a decree in equity overruling her demurrer to her husband's bill for divorce grounded on voluntary abandonment. The question presented is whether the allegations of the bill sufficiently charge a voluntary abandonment, which is one of the authorized grounds for divorce. Code 1940, Tit. 34, § 20, Subdiv. 3, as amended by Act No. 463, approved July 10, 1943, Gen.Acts 1943, p. 425, provides as follows:

"§ 20. The circuit court in equity has power to divorce persons from the bonds of matrimony, upon bill filed by the aggrieved party, for the causes following: * * * 3. For voluntary abandonment from bed and board for one year next preceding the filing of the bill. * * *"

The part of the bill charging the wife with voluntary abandonment is as follows:

"(2) Complainant and respondent were married on to-wit, January 17, 1925 and lived together as man and wife until on to-wit, January 15, 1951, at which time respondent voluntarily abandoned your complainant without any fault on the part of complainant. After being requested to do so several times by the complainant the respondent returned to live with your complainant on to-wit, September 1, 1953, and lived in the house with him, but refused any marital relationship until on to-wit, February 8, 1954, at which time the respondent again voluntarily abandoned your complainant without any fault on the part of complainant, that respondent abandoned complainant without his consent and without sufficient reason therefor, and the said

abandonment of complainant by respondent has continued to the date of filing this bill of complaint."

Appellant argues that the bill is defective in not alleging that the abandonment has been from "bed and board" and in not alleging "that the voluntary abandonment has been for more than one year next preceding the filing of the bill."

■■ While it is true that the ground for divorce relied on, as defined by statute, is "voluntary abandonment from bed and board for one year next preceding the filing of the bill", it is not essential, in alleging that ground in a bill for divorce, that the language of the statute be tracked. (However, it has been held that "the use of the language of the statute is sufficient" in a bill for divorce on the ground of voluntary abandonment. Spencer v. Spencer, 254 Ala. 22, 28, 47 So.2d 252, 256; Nelson v. Nelson, 244 Ala. 421, 422, 14 So.2d 155.) We have held that nicety of pleading is not required in a case of this kind. Colburn v. Colburn, 265 Ala. 22, 24, 89 So.2d 531; Smith v. Smith, 261 Ala. 204, 206, 73 So.2d 538; Darrah v. Darrah, 257 Ala. 263, 264, 57 So.2d 618; Siener v. Siener, 250 Ala. 376, 377, 34 So.2d 576; Nelson v. Nelson, 244 Ala. 421, 422, 14 So.2d 155, supra. Conceding that the bill is not a model of good pleading, yet we are not persuaded that a reversal should result from the ruling on the demurrer. It seems to us that the averments of the bill are sufficient to give notice to respondent of the ground for divorce relied on by complainant.

The bill was filed on November 9, 1956. It alleges, in effect, that the voluntary abandonment relied on for relief took place on February 8, 1954, and "has continued to the date of filing this bill of complaint." This allegation is sufficient to show that the voluntary abandonment has been "for one year next preceding the filing of the bill." Campbell v. Campbell, 246 Ala. 107, 108, 19 So.2d 354, 155 A.L.R. 130.

■ Although there are allegations in the bill which may be considered as surplusage, that circumstance would not justify the sustaining of the demurrer testing the bill's equity if the bill otherwise contains allegations sufficient to give it equity. As said in Martin Stamping & Stove Co. v. Manley, 260 Ala. 112, 124, 69 So.2d 671, 681:

"Ordinarily, surplusage does not render a pleading subject to demurrer. Buettner Bros. v. Good Hope Missionary Baptist Church, 245 Ala. 553, 18 So.2d 75.

"Prolixity is reached by motion to strike rather than by demurrer. Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795, 9 A.L.R.2d 974; Atlantic Coast Line R. Co. v. Carroll, 208 Ala. 361, 94 So. 820. See Worthington v. Miller, 134 Ala. 420, 32 So. 748; Sims, Chancery Practice, § 228.

"Motion to strike has been recognized as proper method of getting impertinent matter out of a bill. Boozer v. Blake, 245 Ala. 389, 17 So.2d 152."

The decree appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.