290

105 So.2d 872

Ann Deaver BRICE

v.

Donald Wyman BRICE.

6 Div. 296.

Supreme Court of Alabama.

Oct. 16, 1958.

Rogers, Howard & Redden, Birmingham, for appellee.

SIMPSON, Justice.

The appellant appeals from an interlocutory decree overruling her demurrer to the appellee's bill as amended. The bill seeks a divorce on the ground of cruelty.

The paragraph of the amended bill which alleges cruelty is as follows:

"The Respondent has committed actual violence upon the person of the Complainant by cutting him with a knife, by striking him with various household objects, attended with danger to his life or health. Respondent has on several occasions threatened to take Complainant's life and Complainant is apprehensive from Respondent's said conduct of further violence, attended with danger to his life or health."

Harsh, Glasser, Lankford & Hays, Birmingham, for appellant.

The demurrer takes the point and the argument is renewed here that the foregoing averments are vague and uncertain, that the nature of the violence complained of and the circumstances giving rise to reasonable apprehension of future violence are not sufficiently alleged, and that from aught appearing the complainant condoned the alleged misconduct of his wife.

■ The argument is untenable. The allegations are sufficient under the controlling statute. Code 1940, Tit. 34, § 22 (Pocket Part). What we said in the case of Colburn v. Colburn, 265 Ala. 22, 89 So.2d 531, 532, is apposite here, where we upheld a bill for divorce on the ground of cruelty where the only detailed averment of violence was "that the respondent slapped your complainant and struck her about the face and body". We quote from that case:

"It is apparent that the complainant has tracked the statute in her complaint and in addition thereto has alleged the nature of conduct relied upon to establish the charge. This is sufficient. Smith v. Smith, 261 Ala. 204, 73 So.2d 538; Marcum v. Marcum, 260 Ala. 197, 69 So.2d 670; Harris v. Harris, 256 Ala. 192, 54 So.2d 291; McMahon v. McMahon, 170 Ala. 338, 54 So. 165.

"The appellant does not argue that the acts of cruelty alleged * * * are insufficient to show cruelty; * * *. We regard the contention as hypercritical for nicety of pleading is not required in a case of this kind. Smith v. Smith, supra; Darrah v. Darrah, 257 Ala. 263, 57 So.2d 618; Siener v. Siener, 250 Ala. 376, 34 So.2d 576.

"The allegations of the bill are good against the asserted demurrer."

Our cases do not require allegations with particularity of the dates on which the acts complained of occurred, as urged by the appellant. McMahon v. McMahon, 170 Ala. 338, 54 So. 165.

■ Appellant also contends that the absence of an allegation of time makes it impossible for the respondent to determine whether or not the alleged cruelty had or had not been condoned. But condonation of the grounds of divorce is defensive matter which must be presented by pleading and proof. George v. George, 255 Ala. 190, 50 So.2d 744, and cases cited.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.