127 So.2d 616

**Minnie McReynolds KELLEY**

v.

**Aaron KELLEY.**

8 Div. 61.

Supreme Court of Alabama.

March 2, 1961.

Griffin & Griffin, Huntsville, for appellant.

Douglas C. Martinson and Cloud & Berry, Huntsville, for appellee.

GOODWYN, Justice.

The appellee (husband) filed a bill in the circuit court of Madison County, in equity,

against appellant (wife) seeking a divorce a vinculo matrimonii. The bill alleges, as ground for divorce, the following:

"2. Your Complainant alleges that in Cause Number 10500 in Circuit Court, in Equity, Madison County, Alabama wherein Minnie McReynolds Kelley was Complainant and Aaron Kelley was Respondent. [sic] The Circuit Court of Madison County, Alabama, in equity, did on the 12th day of April, 1950 enter the following decree, to-wit:

" 'That the Complainant Minnie McReynolds Kelley, be, and she is hereby divorced a mensa et thoro from Aaron Kelley, the effect of this decree being that the bonds of matrimony are not dissolved, but the Complainant is awarded a legal separation from her husband.'

"Said decree was a final decree of divorce from bed and board and such decree has been in force and effect for more than four years prior to the filing of this bill of complaint."

This is evidently based on Act No. 390, appvd. Sept. 4, 1957, Acts 1957, Vol. I, p. 532, which provides, in pertinent part, as follows:

"The circuit court in equity shall have the power to divorce persons from the bonds of matrimony in favor of either party where there has been a final decree of divorce from bed and board, or of separate maintenance, when such decree has been in force and effect for more than four years. The fact that the party against whom such action is brought may also have some ground for divorce shall not constitute any defense to any proceeding under this Act."

For a discussion of this Act see Fuqua v. Fuqua, 268 Ala. 127, 104 So.2d 925.

Appellant's demurrer to the bill was overruled. She appeals from that decree.

The grounds of the demurrer here insisted upon are that the bill "does not recite a decree of divorce upon which the relief prayed can be predicated"; that "the allegations regarding an alleged decree of divorce entered on the 12th day of April, 1950, are insufficient and are mere conclusions of the pleader"; and that "the paragraph 'Said decree was a final decree of divorce from bed and board and such decree has been in force and effect for more than four years prior to the filing of this bill of complaint' is a mere conclusion of the pleader."

While the bill might not be a model of pleading in a suit for divorce on the ground authorized by Act No. 390, supra, we are inclined to the view that, under the liberal rules of pleading applicable to divorce proceedings (Brice v. Brice, 268 Ala. 290, 291, 105 So.2d 872; Branyon v. Branyon, 267 Ala. 53, 55, 99 So.2d 740; Colburn v. Colburn, 265 Ala. 22, 24, 89 So.2d 531; Smith v. Smith, 261 Ala. 204, 206, 73 So.2d 538; Darrah v. Darrah, 257 Ala. 263, 264, 57 So.2d 618; Siener v. Siener, 250 Ala. 376, 377, 34 So.2d 576; Nelson v. Nelson, 244 Ala. 421, 422, 14 So.2d 155), it is sufficient as against the stated grounds of demurrer. At least, we do not think the trial court should be put in error for overruling the demurrer. It seems to us that the allegations of the bill are sufficient to apprise the respondent (appellant) of the ground on which the divorce is sought. Of course, if the alleged decree of April 12, 1950, is for any reason invalid, there would be no basis for a divorce under the provisions of Act No. 390, supra.

Appellant filed a petition in the trial court praying that, upon a hearing of the petition, the court will order complainant (appellee) to pay a reasonable fee for her solicitors' services in the defense of this action and also pay to her the sum of $200 as expense money. Appellee moved to strike the petition. The motion was granted and a formal decree to that end was rendered at the same time as the decree overruling the demurrer to the orig-

inal bill. Appellant also appeals from said decree striking her petition. In our opinion, the decree is of such final force and effect as to support an appeal under Code 1940, Tit. 7, § 754. The petition presented matters of a distinct and independent character on which a final decision was made. See Kimbrough v. Dickinson, 251 Ala. 677, 681, 39 So.2d 241. However, it has been held also that mandamus is appropriate "as an emergency appeal" for the purpose of reviewing the trial court's action in denying alimony and solicitors' fees pendente lite. Ex parte Tucker, 254 Ala. 222, 223, 48 So.2d 24. See, also, Ex parte Austin, 245 Ala. 22, 26, 15 So.2d 710.

■ While the petition might contain unnecessary or inappropriate allegations, subject to being stricken, we think it also contains sufficient allegations in paragraph 3, if proved, which would support an allowance pendente lite. Paragraph 3 is as follows:

> "3. Petitioner further avers that she is without sufficient means to pay for the services of her Solicitor in the defense of this cause and in defense of the said minors' right to support and maintenance. Petitioner further avers that the defense of this cause will require her presence and perhaps that of her children in Huntsville, Alabama and that she is without the means to affray (sic) the expense of such transportation; that she is advanced in years and unable to engage in steady employment; that her main source of income besides what her children are able to provide for her is the money paid by Aaron Kelley as support and maintenance. And petitioner further avers that the said Aaron Kelley has ample assets of both real and personal property from which to pay said suit money."

In other words, it seems to us that petitioner was entitled to present evidence in support of her allegations. Since appellant has not filed an answer to appellee's bill for divorce we are not informed whether she claims to have a defense to the suit which she can make in good faith. We do not mean to indicate that appellant is entitled to such allowance as a matter of right, but simply that she is entitled to a hearing and decision on the merits of her petition.

■ Appellant seeks an allowance to her of a reasonable fee for the services of her solicitors in prosecuting this appeal. Under the circumstances, we are not persuaded that such allowance should be made. We think it would be better for the trial court to determine any such question after the hearing on appellant's petition. Cf. Dillon v. Dillon, 258 Ala. 688, 690, 64 So.2d 821.

The decree overruling the demurrer to the bill is affirmed.

The decree striking the petition is reversed and the cause remanded.

Affirmed in part and reversed in part and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.