Neal Niezer appeals from a judgment of the Cullman Circuit Court denying his request for an award of attorney fees from SouthTrust Bank ("SouthTrust"). SouthTrust has moved to dismiss the appeal. For the reasons stated herein, we grant SouthTrust's motion and dismiss the appeal.
On April 30, 2001, Kay Niezer, in her individual capacity and as administratrix of the estate of Charles M. Niezer, filed a complaint in the Cullman Circuit Court naming Neal Niezer and SouthTrust as defendants; Kay Niezer sought a judgment declaring the rights and liabilities of the parties with respect to a certificate of deposit obtained by the decedent from SouthTrust. In December 2001, Neal Niezer filed an answer and asserted claims of negligence and breach of fiduciary duty against SouthTrust and a conversion claim against SouthTrust, Kay Niezer, and the estate of Charles M. Niezer. In January 2002, SouthTrust filed a reply to Neal Niezer's claims against it.
In September 2002, SouthTrust moved for a partial summary judgment, asserting that its application of certain proceeds of an account owned by Charles M. Niezer to pay off personal debts owed to SouthTrust by Charles M. Niezer at the time of his death was proper. Neal Niezer then moved for a summary judgment and amended his pleadings to assert additional claims against SouthTrust, Kay Niezer, and the estate of Charles M. Niezer. In October 2002, Neal Niezer supplemented *Page 921 
his summary-judgment motion and replied to SouthTrust's motion for a partial summary judgment; SouthTrust replied to Neal Niezer's new claims and asserted a conditional counterclaim against Kay Niezer, averring that if SouthTrust were found liable to Neal Niezer, it would be entitled to recover damages from Kay Niezer.[1] After a hearing on the pending summary-judgment motions, the trial court entered an order on December 3, 2002, stating, in pertinent part, that Charles M. Niezer had owned $189,817.77 on deposit at SouthTrust that was held in an account payable on his death to Neal Niezer; that Charles M. Niezer had pledged that account as collateral to secure a debt he owed to SouthTrust in the amount of $141,621.60; that SouthTrust was entitled to a setoff of the account proceeds in the amount of that debt; and that Neal Niezer was entitled to the balance of $48,196.17 remaining in the account.
On January 27, 2003, SouthTrust filed a motion requesting that the December 3, 2002, order be modified so as to permit SouthTrust to pay $62,895.45 (i.e., the remaining account balance of $48,196.17 plus accrued interest) into court pursuant to Rule 67, Ala. R. Civ. P. In that motion, SouthTrust also averred that it was anticipating that Neal Niezer would request an award of attorney fees but contended that Neal Niezer was not entitled to an award of attorney fees pursuant to contract or statute. Neal Niezer then filed a motion to "alter or amend" the trial court's December 3, 2002, order, requesting, among other things, that he be awarded $20,000 as attorney fees. The trial court, on January 29, 2003, granted SouthTrust's motion, and on February 26, 2003, that court took Neal Niezer's motion under advisement, after which both SouthTrust and Neal Niezer filed briefs in support of their positions regarding the propriety of an attorney-fee award to Neal Niezer.
On March 14, 2003, the trial court ruled on Neal Niezer's motion. In denying that motion, the trial court reasoned, in pertinent part:
 "While the Court is not unsympathetic to Defendant Neal Niezer's argument that to award an attorney fee is the only way to make him whole, that argument could be made in virtually every case coming before this Court. Reynolds v. First Alabama Bank of Montgomery [, N.A., 471 So.2d 1238 (Ala. 1985),] outlines, in equity cases, that the Court can award an attorney fee to make a litigant whole when there is bad faith, wanton, oppressive or fraudulent conduct. The Court found no bad faith, wanton, oppressive or fraudulent conduct. Defendant Neal Niezer now takes the position that this Court should include negligent conduct as a reason to exercise its equitable power to make him whole. There is a world of difference in negligence and wantonness. Wanton conduct in this State entitles a litigant to punitive damages. It is this Court's judgment that without more than mere negligence, a Court cannot award an attorney fee to a litigant to make him whole.
 "Therefore, Defendant Neal Niezer's Motion to Alter or Amend [the] Court's Summary Judgment entered herein is denied."
On March 25, 2003, Neal Niezer filed in the trial court a motion that, among other things, sought permission to take an "interlocutory appeal." On March 31, 2003, *Page 922 
the trial court signed an order prepared by Neal Niezer's counsel, which was styled "Certificate of Trial Judge of Appealability," that recited the grounds stated in Rule 5(a), Ala. R.App. P., for seeking an immediate appeal from an interlocutory order, i.e.,"that . . . the interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion, that an immediate appeal from the order would materially advance the ultimate termination of the litigation, and that the appeal would avoid protracted and expensive litigation."
Neal Niezer then petitioned the Alabama Supreme Court for permission to appeal from the trial court's order denying his request for an award of attorney fees. On May 22, 2003, the Supreme Court denied Neal Niezer's request, stating two reasons. First, the Supreme Court concluded that Rule 5(a), Ala. R.App. P., had not been complied with.[2] However, the Supreme Court also concluded that Neal Niezer's petition was due to be denied "on the grounds that an interlocutory appeal will not lie where the right to appeal a final judgment exists." Ex parteNiezer (No. 1021148) (unpublished order).
On June 24, 2003, Neal Niezer filed in the trial court a motion to release the funds paid into court by SouthTrust and to "finalize" the judgment, contending that the Supreme Court had refused to hear his appeal because, he said, "the judgment was not final." The trial court granted that motion on June 25, 2003, directing the release of the paid-in funds to Neal Niezer and stating that the court's summary judgment would be "made final." On July 23, 2003, Neal Niezer filed a notice of appeal to this court.
SouthTrust has filed a motion to dismiss the appeal as untimely, contending that the March 14, 2003, order denying an award of attorney fees was a final, appealable judgment and that no notice of appeal was filed within 42 days thereafter (see
Rule 4(a)(1), Ala. R.App. P.) so as to confer appellate jurisdiction. That motion was not immediately ruled upon by this court; instead, it was deferred until the case was submitted on the parties' briefs.
Now that the case has been submitted and this court has considered the merits of SouthTrust's motion, we agree with SouthTrust that Neal Niezer's notice of appeal was untimely filed and that we therefore lack appellate jurisdiction. As we have noted, the Alabama Supreme Court denied Neal Niezer's petition, filed pursuant to Rule 5, Ala. R.App. P., seeking permission to appeal from the trial court's order denying his request for an award of attorney fees, and one of the grounds the Supreme Court cited was that "an interlocutory appeal will not lie where the right to appeal a final judgment exists" (emphasis added). We can interpret the Supreme Court's ruling only as a conclusion that the trial court's March 14, 2003, order was a "final judgment" under Ala. Code 1975, § 12-22-2, such that interlocutory review of that order was neither necessary nor appropriate.
Although the Supreme Court did not indicate the legal authorities that might support its conclusion, SouthTrust has cited two Alabama cases that are consistent with the Supreme Court's ruling in this case. In Kimbrough v. Dickinson,251 Ala. 677, 39 So.2d 241 (1949), the Alabama Supreme Court, applying Title 7, § 754, *Page 923 
Ala. Code 1940,[3] held that an order denying a petition for an award of attorney fees in a case involving a decedent's estate was substantially final for purposes of appeal even though the trial court had retained jurisdiction to approve a final settlement of the estate. To like effect is Kelley v. Kelley,271 Ala. 683, 127 So.2d 616 (1961), in which the Alabama Supreme Court held that a decree striking a wife's petition for an award of attorney fees in a pending divorce action was immediately appealable despite the fact that the merits of the case remained to be decided, stating that the petition had "presented matters of a distinct and independent character on which a final decision was made." 271 Ala. at 685, 127 So.2d at 617.
The Supreme Court's ruling in its May 22, 2003, order is also consistent with federal precedent to the effect that attorney-fee matters are separate and distinct from matters going to the merits of a dispute and that an appeal may be taken from a final judgment as to either aspect of a case. See Budinich v. BectonDickinson Co., 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178
(1988). We note that there is federal authority for the position that an order denying a party's request for an award of attorney fees is not appealable if a final judgment has not previously been entered on the merits of the case. See Sandwiches, Inc. v.Wendy's Int'l, Inc., 822 F.2d 707 (7th Cir. 1987). However, we are bound by the decision of the Alabama Supreme Court denying Neal Niezer's petition for permissive review on the basis that he had the right to appeal from the trial court's March 14, 2003, order denying his request for an award of attorney fees. See §12-3-16, Ala. Code 1975 ("The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals.").
With certain specific exceptions that are not pertinent here, Rule 4(a), Ala. R.App. P., requires that a notice of appeal be filed within 42 days "of the date of the entry of the judgment or order appealed from." In this case, the trial court entered its order denying Neal Niezer's request for an award of attorney fees on March 14, 2003; Niezer did not file a notice of appeal until July 23, 2003, 131 days later. Thus, Neal Niezer's appeal is untimely, and SouthTrust's motion to dismiss that appeal is due to be granted. See Rule 2(a)(1), Ala. R.App. P. ("An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court."). The appeal is dismissed.
MOTION TO DISMISS GRANTED; APPEAL DISMISSED.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] SouthTrust also filed a motion to add G.O. Anderson as an additional party to its counterclaim, claiming that he had been unjustly enriched in that proceeds of Charles M. Niezer's account had allegedly been used to pay off a loan obligation of Anderson's. However, the trial court denied that motion.
[2] It appears from the record that the order prepared by Neal Niezer's counsel and signed by the trial court on March 31, 2003, does not contain "a statement of the controlling question of law," which Rule 5(a) requires.
[3] That statute, which provided that appeals would lie "[f]rom any final judgment or decree of the circuit court," was later recodified as § 12-22-2, Ala. Code 1975.